[No. 14159.  Department One. — November 28, 1891.]

E. BENNETT, APPELLANT, v. J. D. HYDE, RESPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — TIME OF ESSENCE — EXTENSION — DEFAULT OF PURCHASER — SPECIFIC PERFORMANCE. — Where a contract for the sale and conveyance of land provided that if the purchaser failed to comply with any one of the agreements therein specified, and at the time specified, the contract should immediately become void, and the vendor should be released from all obligations at law or in equity to convey the land, and a voluntary extension of time to a fixed date, and not longer, was granted the purchaser in which to make a payment due under the contract, upon the express condition that "time must be the special and essential ingredient in the extension, as it was intended to be of the original contract," the intention to make time of the essence of the contract is sufficiently expressed; and after a default in payment by the purchaser within the extended time, the contract will not be specifically enforced against the vendor.

ID. — CONSTRUCTION OF CODE — WORDS MAKING TIME OF ESSENCE — FORFEITURE — PERFORMANCE ON TIME. — It is not necessary, under section 1492 of the Civil Code, for the parties to a contract to declare, in so many words, that time is of the essence of the obligation, to give it that effect; but the code provision is intended to adopt the rule that equity will not permit a forfeiture, except when the parties have so expressed their intent, or it is to be clearly inferred; and such intention is sufficiently expressed when the contract provides that performance must be on time or the party or parties shall lose their rights under it, or when performance must be on time, to entitle a party to its performance by the other party.

ID. — SPECIFIC PERFORMANCE — ACTION BY PURCHASER — DEFAULT IN PAYMENT — PERFORMANCE BY VENDOR — TENDER OF DEED. — In an action by a purchaser to enforce specific performance of a contract for the sale and conveyance of land, where time is of the essence of the contract, and the purchaser has failed to pay an installment of purchase-money within the time limited therefor, the defendant need not prove performance of

the contract, or an offer to perform, on his part, in order to defeat the action; nor need he tender a deed to the purchaser, in order to put him in default.

Appeal from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*Lambertson & Taylor*, for Appellant.

*N. O. Bradley*, and *G. E. Lawrence*, for Respondent.

Temple, C. — Plaintiff appeals from the judgment, and an order refusing a new trial.

The action is to enforce specific performance of a written contract for the sale of lands.

There was no error in striking out portions of the complaint, if the court correctly determined, as we think it did, that time was of the essence of the contract sued on.

Furthermore, that ruling is not specified as an error upon which the plaintiff would rely on his motion for a new trial.

There is abundant evidence to sustain all the findings excepted to.

The only real question in the case is, whether time was of the essence of the contract, and to consider this question it is not necessary to determine whether the specifications as to the alleged insufficiency of the evidence comply with the requirements of the code or not.

All the necessary facts appear in the pleadings and findings.

The contract was made July 25, 1885. By its terms, the purchaser was to pay $256 upon its execution, and the same sum on the twenty-fifth day of July in each year of the three succeeding years, and also all taxes. The residue, $3,200, was to be paid July 25, 1889, making $4,224 in all.

The purchaser was let into immediate possession, and has paid all installments due and all taxes, but has not

made the last payment of three thousand two hundred dollars.

July 16, 1889, the last payment not having been made, defendant voluntarily and without consideration extended the time until August 5th of the same year.

In the contract, the purchasers agreed to make the payments as specified, and further stipulated: " In the event the parties of the second part fail to comply with any one of the agreements herein specified, and at the time specified, then this contract shall immediately become void, and the party of the first part shall be released from all obligation at law or in equity to convey said land; and the parties of the second part agree that they will, upon failure by them to comply with any one of their agreements herein specified at the time specified, forfeit all claim to said land, and will deliver up said land peaceably, and without process of law, to the party of the first part. The party of the first part, upon receiving the several payments herein specified at the time specified, agrees," etc.

In the letter extending the time, defendant said: "I would extend the time of payment required by said contract to August 5, 1889, but not longer, and that time must be the special and essential ingredient in the extension, as it was intended to be in the original contract."

The case is almost the counterpart of *Grey* v. *Tubbs*, 43 Cal. 359. It differs from it only in that the parties seem to have taken even greater pains to show that they intended to make time of the essence of the contract, and if they have failed to do so, it is simply because that cannot be done without inserting the very words in the contract, as was said in *Grey* v. *Tubbs*, 43 Cal. 359.

Appellant seems to concede that such would be the effect of the language used, but for section 1492 of the Civil Code, which he claims renders it necessary for the parties, in their contract, to declare, in so many words, that time is of the essence of the obligation, to give it that effect.

At law, time has always been considered of the essence of the contract. But equity, unwilling to permit a forfeiture if it can be avoided, has held otherwise, except when the parties have so expressed their intent, or it is clearly to be inferred.

This rule, we think, it was intended to adopt in the code provision; limiting it, however, where the delay is capable of exact compensation, by requiring that the intent shall expressly appear in the contract. But courts of equity have always held that such intention is expressed when the contract provides, as in this case, that performance must be on time, or the party or parties shall lose all rights under it.

Time is of the essence of the contract, when performance must be on time to entitle a party to its performance by the other party. Where this is expressed in the contract, the parties have expressly declared that time is of the essence of the obligation.

The extension of time granted was voluntary, and upon the express condition that "time must be the special and essential ingredient in the extension." To avail himself of this privilege, plaintiff should have complied with the condition. He did not do so.

In the contract it was, in effect, three times repeated that time was of the essence of the contract. It was emphasized in the extension. To compel the execution of the deed in this case would be to make a contract for the parties and then to enforce it.

The defendant is not attempting to recover upon the contract, and was not therefore required to prove performance or an offer to perform. It was not necessary for him to tender a deed, in order to put the plaintiff in default.

Whether the plaintiff can recover the amount paid on the contract is not involved in this case.

We advise that the judgment and order be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.