## MELVIN R. VAN KEUREN

*v.*

## CHARLES SIEDLER.

[Submitted May 24th, 1907. Decided May 27th, 1907.]

1. Where a contract for the sale of land calls for a conveyance free from encumbrances, in the absence of an unwillingness on the part of the vendor to have the encumbrances discharged from the purchase-money at the time of conveyance, equity will not entertain a bill for specific performance to compel the vendor to discharge the encumbrances from his funds prior to the passing of title.

2. An agreement to convey land free from encumbrances calls for a marketable title.

3. In a suit by a vendee for specific performance, the bill alleged that defendant had contracted to convey the same land to a third person, which contract was of record prior to the contract with complainant.— *Held*, that the bill was demurrable, as a determination of the validity of the prior contract at the time of the contract with complainant could not be determined in a suit to which the third party was not a party.

4. Though the bill prayed for compensation in case defendant could not give a marketable title, it could not be entertained as a bill to recover damages, as such remedy must be at law.

---

On demurrer. Bill by vendee against vendor for specific performance of a contract for the sale of land. Demurrer by defendant.

*Mr. James Steen,* for the complainant.

*Messrs. Condict, Condict & Boardman,* for the demurrant.

LEAMING, V. C.

Complainant's bill is for the specific performance of a contract wherein defendant agreed to convey to complainant certain land in Jersey City free and clear of encumbrances. The bill avers the existence of a mortgage and certain unpaid taxes on the land in question and also avers that a certain contract of sale exists wherein defendant agreed to convey the same land to the Realty Development Company which last-named contract was executed and recorded prior to the execution of the contract with complainant, and avers that time is not of the essence of the prior contract of sale. The bill prays for a decree to compel defendant to convey the land to complainant free from encumbrances and for compensation in case defendant is unable to comply with his contract in whole or in part.

So far as the taxes and the mortgage are concerned there can be no difficulty. A decree can appropriately be made authorizing their payment from the money yet to be paid by complainant. In fact the bill does not clearly disclose any unwillingness upon the part of defendant to have had that course heretofore adopted. Where there are outstanding undisputed liens against a property, which is to be conveyed free from all encumbrances, it is, in ordinary business practice, the custom to discharge the liens out of the purchase-money at the time the conveyance is delivered, and I doubt the right of a vendee to require such liens to be discharged by the vendor from his own funds prior to that time. In the absence of an unwillingness upon the part of vendor to have the purchase-money so applied when it is ample in amount, I am of the opinion that this court should not entertain a bill on behalf of the vendee based upon the neglect or refusal of vendor to discharge the encumbrances in advance of the time for passing title. *Worch* v. *Woodruff,* 61 *N. J. Eq.* (*16 Dick.*) *78, 84.*

From the bill it is manifest that the real controversy arises from the existence of the prior-recorded contract wherein de-

fendant contracted to convey the same land to the Realty De-
velopment Company, and complainant charges that this contract
is a cloud upon the title, rendering it unmarketable, and alleges
that defendant refuses to remove the cloud under a claim upon
his part that it is not a defect in or cloud upon the title. The
bill does not positively assert whether or not the prior contract
of sale is at this time a live and enforceable contract, but pro-
ceeds upon the theory that it renders the title an unmarketable
one and that this court will, by its decree, compel defendant to
deliver a marketable title.

The contract which complainant now seeks to enforce entitles
him to demand a marketable title, and the title to the land in
question is clearly unmarketable so long as the prior-recorded
contract of sale remains an apparent binding contract. But the
difficulty at this time encountered is that complainant having
entered into his contract with constructive notice of the existence
of the prior contract is not entitled to a conveyance of the land
if in fact the prior contract is still alive, and no judicial ascer-
tainment of that fact can be had in this suit because the Realty
Development Company is not a party. A decree requiring de-
fendant to convey the land to complainant would, in consequence,
be necessarily based upon an assumed fact which cannot be
inquired into in this suit. The same considerations manifestly
render it impossible for this court to grant any relief under the
present bill. The bill cannot be entertained as a bill to recover
damages for the failure of defendant to deliver a marketable
title. That remedy must, under the facts stated in the bill, be
sought in a court of law. The demurrer must be sustained.

It may not be inappropriate to suggest, for the consideration
of complainant, the possibility of relief through a bill against
both defendant and the development company based upon a
claim of the invalidity of the prior contract and seeking a
cancellation of the record and specific performance. This sug-
gestion is made wholly for complainant's consideration and in no
way as an expression of opinion on the subject.