(February 8, 1908.)

CARL MACHOLD, Respondent, v. ROSA FARNAN, Appellant.

[94 Pac. 170.]

CONTRACT—SPECIFIC PERFORMANCE—TIME AS THE ESSENCE OF—WAIVER.

1. Where time is of the essence of a contract for the sale of real property, the vendee cannot enforce the contract by an action for that purpose, without tendering payment within the time and according to the stipulations of said contract.

2. In a contract for the sale of real property, where the time of payment is essential, and not simply material, the vendee cannot maintain an action to enforce the same without making an actual tender of the price and a demand for the deed within the time specified in the contract.

3. Courts of equity will not make contracts for parties nor alter those which the parties have deliberately made; and where it appears that the parties have in fact contracted for the sale of real property, and it is provided in the contract that if the purchaser make default in the payments, he will not be entitled to a conveyance, and it appears that the purchaser is without excuse for the delay, the courts will not relieve him from the consequences of his default.

4. Where parties by their contract have made time of the essence of their contract, the court will not decree a specific performance, where the party who applies for the same has omitted to execute his part of the contract within the time appointed, unless sufficient excuse for the delay appears.

5. Where a contract for the sale of real property fixes the time within which payment must be made, the failure of the vendee to make payments as provided in the contract, although through no fault of his, and even though he has used every means in his power to raise the money to meet the demands of the contract, is not a sufficient excuse to relieve him of the stipulations made in the contract as to the time of payment.

6. Where time is made the essence of a contract for the sale of real property, and the vendor extends the time within which payment must be made, upon condition that if payment is not made within the time to which the extension is granted the contract will be declared forfeited, and that the vendor would no longer recognize the contract as binding, it is not a waiver of the condition making time the essence of the contract, and will not preclude the vendor from insisting upon the payment being made within the time fixed in the contract and the extension of time for payment.

(Syllabus by the court.)

APPEAL from the District Court of Sixth Judicial District for Bingham County. Hon. James M. Stevens, Judge.

An action for the specific performance of a contract for the sale of real property. Judgment for plaintiff. Defendant moved for a new trial and appeals from the judgment and order denying a new trial. *Reversed.*

Clark & Budge, for Appellant.

There is no room for argument in this case as to the intent of the parties to make time of the essence of the contract; it is made clearly and unequivocally to appear in a special provision. When such a provision is a part of the contract, courts of equity will not relieve a party thereto who fails to comply with the terms of the contract within the time limited. (*Smith v. Krall,* 9 Ida. 535, 75 Pac. 263; *Brown v. Ulrich,* 48 Neb. 409, 67 N. W. 168; *Whiteman v. Perkins,* 56 Neb. 181, 76 N. W. 547; *Jewett v. Black,* 60 Neb. 173, 82 N. W. 375; *McKenzie v. Murphy,* 31 Colo. 274, 72 Pac. 1075; *Sowles v. Hall,* 62 Vt. 247, 22 Am. St. Rep. 101, 20 Atl. 810; *Kentucky Dist. & Wareh. Co. v. Warwick Co.,* 109 Fed. 280, 48 C. C. A. 363; *Roberts v. Norton,* 66 Conn. 1, 33 Atl. 532; *Coughran v. Bigelow,* 9 Utah, 260, 34 Pac. 51; *Martin v. Morgan,* 87 Cal. 203, 22 Am. St. Rep. 240, 25 Pac. 350; *Garretson v. Vanloon,* 3 G. Greene, 128, 54 Am. Dec. 492; *Lockman v. Anderson,* 116 Iowa, 236, 89 N. W. 1072; *Frey v. Camp,* 131 Iowa, 109, 107 N. W. 1106; *Grey v. Tubbs,* 43 Cal. 359.)

The rule as to equitable relief applies with the same force to an extension of time by the vendor as to the original con-

tract. (*Bennett v. Hyde,* 92 Cal. 131, 28 Pac. 104; *Woods v. McGraw,* 127 Fed. 914, 63 C. C. A. 556.)

After default by one party, the other may, by notification extending the time of performance, declare time to be of the essence of the extension, and if the conditions are not observed strictly within the time limited by the extension, the party in default will not be relieved in equity for his failure. (*Kirby v. Harrison,* 2 Ohio St. 326, 59 Am. Dec. 677; *Boldt v. Early,* 33 Ind. App. 434, 104 Am. St. Rep. 255, 70 N. E. 271; *Chabot v. Winter Park Co.,* 34 Fla. 258, 43 Am. St. Rep. 192, 15 South. 756.)

The burden was upon respondent to satisfactorily and reasonably account for his delays and apparent omissions. (*Durant v. Comegys,* 3 Ida. 204, 28 Pac. 425.)

Carl Machold, *in propria persona,* files no brief.

STEWART, J.—This is an action for the specific enforcement of a contract, entered into between appellant and respondent on February 27, 1907, for the sale of certain lands situated in Bingham county, Idaho.

The contract provides that the party of the first part, in consideration of the covenants and agreements of the party of the second part, agrees to sell, and by good and sufficient warranty convey to the second party, and the second party agrees to buy certain land; and the second party agrees to pay the first $2,000 as the purchase price of said land in the manner following: The whole of said purchase price on or before three years after date hereof, with interest thereon of ten per cent per annum from date, interest payable annually.

The contract provides that the second party shall have possession as long as he complies with the terms of the contract, and keeps the buildings situated upon the land in good condition and in repair, and insured for not less than $500, payable to the party of the first part as her interest appears. The contract contains the following provision:

"It is expressly understood and agreed that time is of the essence of this contract, and in the event of the failure of the

second party to comply with the terms hereof, or to pay the principal or interest when the same shall become due, and to pay the taxes as hereinbefore stated, the said party of the first part shall be released from all obligation, either in law or in equity, to convey the said property to the second party, and the second party shall forfeit all right thereto and to any improvements that he may have placed thereon, and to any money he may have paid under this contract in the option of the first party. And the first party upon receiving payment in the manner and at the time herein specified, and the second party having complied with the terms and conditions hereof, agrees to execute and deliver to the second party a good and sufficient deed conveying the premises hereinbefore described to the second party. The second party agrees that upon breach of the conditions hereof, or the failure to pay either the principal or interest or taxes and assessments, that he will within thirty days after notice on the part of the first party of her option to rescind the contract because of such breach, deliver to the first party peaceable possession of said premises and the whole thereof."

The complaint, after alleging the making of the contract in substance as set forth, alleges: "That on March 16, 1907, defendant notified plaintiff that the interest due on said contract was past due, and that the same must be paid by March 31, 1907, or defendant would no longer recognize said contract." The complaint then alleges that the plaintiff was a poor man, and owing to shortage of water, was unable to raise any profitable crops, and thereby it was impossible for him to raise the amount of interest and taxes which were in arrears on March 31, 1907, but alleges that on April 6, 1907, plaintiff did raise the necessary amount, and on the said day tendered to defendant the full amount due on the said contract, to wit, the sum of $2,000, the amount of the principal or purchase price; the sum of $223 as interest on the principal up to the date of tender; also the sum of $40, the amount paid by defendant for taxes, and $5 to cover the expense of the defendant in paying the taxes; and that defendant refused to accept the same and still refuses to accept the same and the payment

of the same into the court for the defendant; that the failure to make the payment due on March 31, 1907, was through no fault of the plaintiff, as he did everything in his power to raise the money. Plaintiff then demands judgment that defendant execute to the plaintiff a sufficient conveyance of said property and costs.

It will be observed that the plaintiff is not seeking to establish any equitable interest he may claim in or to said premises or to discharge any lien the defendant may claim upon said premises or to declare the contract or transaction a mortgage, but that the action is one to enforce a contract to convey real property.

After the evidence was concluded, the court permitted the plaintiff to file an amended complaint in accordance with the facts as he claimed them to be. In this amended complaint the plaintiff alleged possession and residence on the land for nine years, his relation to this land prior to the time the defendant acquired title thereto, setting forth contracts to purchase with prior owners, and then alleges:

"That thereafter said property was sold to one John Millick, and said contract was surrendered and a new contract given to plaintiff under which plaintiff held the said property until the same was sold by said John C. Millick to the defendant herein on December 26, 1902. That on December 26, 1902, the defendant entered into a contract in writing with plaintiff, by the terms of which defendant agreed to convey said property to plaintiff upon plaintiff's payment of the sum of $1,500 on or before three years from December 22, 1902; said deferred payment bearing interest at the rate of ten per cent per annum, payable annually, and containing a recital that time was of the essence of said contract; that plaintiff paid two years' interest on said contract, and on February 27, 1906, plaintiff and defendant entered into a written contract, a copy of which is attached hereto marked exhibit 'A,' and made a part of this complaint." This contract is the same as was made a part of the original complaint, the substance of which has been given in this opinion, and the contract sought to be enforced by this action.

The plaintiff then alleges that the consideration named in said contract, $2,000, was made up of the following items, viz., the sum of $1,500, the principal purchase price; the sum of $150, interest for one year which had not been paid on the former contract, which said sums were included as a renewal of the said former contract; and the sum of $350, making the balance of said consideration of $2,000, as aforesaid, for money loaned the plaintiff by the defendant at the time of making said contract. The plaintiff then alleges that subsequent to the making of the last-mentioned contract, and prior to February 27, 1907, the defendant repeatedly advised plaintiff that she would not foreclose said contract; that defendant so advised plaintiff at different times, and on March 16th notified plaintiff that the interest due on said contract was delinquent and extended the time of payment until March 31, 1907; that he is a poor man, and owing to a shortage of water, has been unable to raise any crops, and therefore was unable to pay interest and taxes, which were in arrears, on March 31, 1907, but alleges that on April 6, 1907, he raised the money necessary and tendered the same to the defendant; that the defendant refused to accept same and still refuses to accept the same. The prayer was the same as the original complaint.

The defendant answered the complaint, and admitted the execution of the contract set forth, and alleges that the same was in lieu of a contract entered into prior to that time, in the year 1902, and alleges that at all times since the year 1902, she had held the legal title to said premises, and that the plaintiff had been holding under her. The defendant further alleges that on March 16, 1907, she notified the plaintiff that the interest due on the contract was past due, and that the same must be paid by March 31st, or the defendant would no longer recognize said contract; that a notice of forfeiture was served on the respondent on April 2, 1907, notifying the respondent that he had been in default in paying the interest due on said contract, from February 27, 1907, and in paying the taxes for the year 1905. The defendant also denies the plaintiff's allegations as to the reason he was unable to make payment under said contract. The defendant then alleges

that the tender made on April 6, 1907, was subsequent to the forfeiture of said contract under the notice of April 2, 1907, and the notice of March 16, 1907. The answer sets forth the notice of March 16, 1907, as follows:

"March 16, 1907.

"Mr. Carl Machold, Blackfoot, Idaho.

"Dear Sir: Mrs. Farnan was just in to see me relative to a contract which you have for the purchase of 80 acres of land, upon which, as I understand, you reside. She advises me that the interest upon this contract is in default, and that there is more than a year's interest now due. She also says that as she is advised you have failed to pay the taxes upon the land, and that the taxes for 1905 are in default, and she desires that I notify you that unless you pay up the back taxes and any water assessments that are unpaid, and also pay the interest up to February 27, 1907, on or before the 31st day of March, 1907, the contract will be declared forfeited, and she will desire possession of the land. I have suggested to her that she give you this length of time in which to make good your default.

"She doesn't desire to inflict any hardship upon you or to take the land, but unless the payments are made, as above suggested, by that time, she will no longer recognize the contract as being binding.

"I write this letter upon her behalf and as her attorney.

"Yours truly,

"F. S. DIETRICH."

The notice of April 2, 1907, set forth in the answer, is as follows:

"To Carl Machold:

"You having failed to keep your agreement with me dated February 7, 1906, in and by which I agreed to sell to you and you agreed to buy from me certain land therein described as being the northeast quarter of the northeast quarter of section eleven (11), and the northwest quarter of the northwest quarter of section twelve (12), township three (3) south, range thirty-five (35) east of Boise meridian, and you having permitted the taxes upon said land to become delinquent,

and having failed to pay the interest due upon your note, given in pursuance of and as a part of said contract, and you having failed to pay the interest and taxes on or before the 31st day of March, 1907, as heretofore required of you by me, in accordance with the letter written to you by Mr. F. S. Dietrich, acting for me, I have therefore concluded to and do hereby declare said contract of February 7, 1906, terminated and no longer binding, and I hereby demand that you forthwith deliver to me the possession of said premises described in said contract, and that you remove from said premises.

"Dated this 2nd day of April, 1907.

"Mrs. ROSA FARNAN."

Upon these issues the court found, among other things, that on December 22, 1902, the defendant, at the solicitation of plaintiff, purchased the property in controversy, from John C. Millick, and that plaintiff's contract with Millick was surrendered and that defendant and plaintiff entered into a new contract in writing, by the terms of which the defendant agreed to convey to the plaintiff, for $1,500, the property described, payable on or before the three years from date, bearing interest at ten per cent, and that said contract contained a forfeiture clause and a recital that time was of the essence of the contract; that the plaintiff paid two years' interest on the contract, and on February 27, 1906, a new contract was made between the parties, whereby the defendant agreed to convey said property to plaintiff upon plaintiff's paying $2,000 on or before three years after date of said contract, with interest at ten per cent per annum, payable annually, containing a clause that time was of the essence of the contract. The court then found that the consideration for said agreement was $2,000; $1,500 principal, $150 interest, and $350 loan, at the time of making the contract.

The court further found that subsequent to the making of said contract and prior to February 27, 1907, the defendant repeatedly advised plaintiff that she would not foreclose the contract, and that on March 16, 1907, the defendant, through her attorney, notified plaintiff that the interest due on the

contract was delinquent, and extending the time of payment until March 31, 1907, and that she would no longer recognize said contract if payment was not made by that time; that plaintiff was a poor man and unable to raise the interest or pay the taxes as provided in the contract; that on April 2, 1907, the defendant declared the contract forfeited, and served notice on plaintiff to that effect; and that on April 6, 1907, the plaintiff made tender of the amount claimed to be due on said contract.

The real question in this case is, whether or not the pleadings and evidence support the findings and judgment of the court. It will be seen that in the contract of February 27, 1906, the purchase money was to be paid within three years, with interest thereon at ten per cent, payable annually, and that the contract expressly made time of its essence, and provided that the second party should forfeit all right thereto, or to any money he may have paid under the contract, and that the party of the second part should be released from all obligation thereunder, upon the failure of the second party to comply with the terms of said contract, or pay the principal or interest, when the same shall become due. It appears, further, that the interest was not paid on February 27, 1907, when the same was due, and on March 16, 1907, the respondent sent a notice to the appellant of his failure to pay the taxes on the land, or the interest, and that he was in default by reason of such failure, and that unless the same was paid on or before March 31, 1907, the contract would be declared forfeited, and that the time in which said payment could be made was extended to March 31, 1907. In this notice the respondent specifically notified appellant that unless payment was made by that time, she would no longer recognize the contract as being binding.

Afterward, and on April 2, 1907, the defendant personally served a notice on the appellant that he had failed to make payment according to the terms of the contract, or within the time extended by the notice of March 16th, to wit, March 31, 1907, and declared said contract terminated and forfeited.

There is no pretense in this case that the plaintiff complied with the terms of the contract set forth in his complaint. Can he, therefore, maintain this action for specific performance?

Mr. Pomeroy on Specific Performance, at secs. 361 and 362, says in effect, as follows: "In those contracts in which the time of performance has been made essential, and the agreement itself is to be regarded as void or rescinded if the vendee fails to make his payment on the stipulated days, the rule that the contract remains in force and either party may make a proper tender or offer and sue, until barred by the statute of limitations, does not apply."   Also,

"In all those contracts where the time of payment by the vendee is essential and not simply material, and *a fortiori* in those where, if the vendee's payments are not made upon the exact day named, the vendor may treat the agreement as at an end, the vendee must make an actual tender of the price and a demand of the deed at the specified time, as a condition precedent to his maintaining a suit.   The same is true of the vendor, when the time of his conveyance is made essential. This rule is involved in the very notion of time being of the essence of the contract."

In the case of *Grey v. Tubbs*, 43 Cal. 359, the supreme court says:

"Courts of equity have not the power to make contracts for parties, nor to alter those which the parties have deliberately made; and whenever it appears that the parties have in fact contracted, that if the purchaser make default in the payments, as agreed upon, he shall not be entitled to a conveyance, and shall lose the benefit of his purchase; and when it also appears that the purchaser is without excuse for his delay, the courts will not relieve him from the consequences of his default.   They will not inquire into the motive or the sufficiency of the motive that induced the parties to contract that time should be essential in the performance of any of the agreements contained in the contract of purchase; but if it appears that the parties have thus contracted, the courts of equity will not disregard the contract in order to give effect

to some vague surmise, that all that the vendor intended to secure by the contract was the payment of the purchase money, with interest, at some indefinite time.''

In the case of *Bennett v. Hyde,* 92 Cal. 131, 28 Pac. 104, the supreme court of California, in again discussing this question, says:

''But courts of equity have always held that such intention is expressed when the contract provides, as in this case, that performance must be on time, or the party or parties shall lose all rights under it. Time is of the essence of the contract when performance must be on time to entitle a party to its performance by the other party. Where this is expressed in the contract, the parties have expressly declared that time is of the essence of the obligation. The extension of time granted was voluntary, and upon the express condition that 'time must be the special and essential ingredient in the extension.' To avail himself of this privilege, plaintiff should have complied with the condition.''

In the case of *Sowles v. Hall,* 62 Vt. 247, 22 Am. St. Rep. 101, 20 Atl. 810, the supreme court of Vermont, in discussing this question, says:

''It was competent for the parties to make time of the essence of the contract, and they could not have done so in language more pertinent to express such intention than that used. The agreement was to be absolutely null and void unless the tender was made as agreed.''

In this latter case, the court comments on the case of *Benedict v. Lynch,* 1 Johns. Ch. 370, 7 Am. Dec. 484, and says:

''It was held that the parties had made time of the essence of the contract, and that it might be laid down as a general rule that where the party who applies for a specific performance has omitted to execute his part of the contract by the time appointed for that purpose, without being able to assign any sufficient excuse for his delay, the court will not decree a specific performance.''

The authorities all seem to hold to this general doctrine.

This court has also considered this matter, and in line with the authorities of other states, in the case of *Smith v. Krall,* 9 Ida. 535, 75 Pac. 263, held:

"Courts of equity do not make contracts for parties, merely construe them, and as we construe the contract in this case, time was of the essence of the contract, and both parties could be held to a strict performance of it. If Mr. Krall was here asking the court to assist him in requiring the plaintiff Smith to comply with the contract, the authorities cited by appellant would apply. But in this case, Krall is not asking any assistance; he stands on his contract, and insists that he only did what the contract authorized him to do; which fact was conceded by the appellant. He admits that he never made a tender to respondent until after he knew that the lots had been sold and conveyed to another. In equity, the party asking relief must come into court with clean hands and good faith, and as we view it, neither party to this contract would have any standing in court asking its assistance in the enforcement of this contract."

In the case at bar, the only facts set forth in the amended complaint as to why the plaintiff did not comply with his part of the contract alleged was that he was a poor man, and owing to a shortage of water, was unable to raise any profitable crops during three years prior, and it was impossible for him to raise the amount of the interest and taxes which were in arrears by March 31, 1907; and that the failure to make the necessary payments on or before the set date was through no fault of his, as he used every means in his power to raise the necessary money to meet the requirements of the defendant; and that he did not have sufficient time to raise the money by March 31, 1907. This is a misfortune but not a legal excuse. Had the plaintiff made such conditions a part of his contract, then he might have been excused on that ground; but he made a contract obligating himself to pay the interest and taxes on or before February 27, 1907, and by his own contract made time of its essence, and provided that in case of default in its terms, the party of the first part should be released from all obligation either in law or in equity, to

convey the said property to the second party, and forfeited all right thereto; and to any improvements that may have been placed thereon; and to any money he may have paid under this contract. The court, therefore, cannot make a new contract for the respondent. The appellant is entitled to stand on the contract as it was made. The respondent is not in a position to demand a specific enforcement of the contract.

There is but one other question for consideration in this case, and that is, whether or not the appellant waived the time limit as fixed by said contract. In the notice of March 16, 1907, which is made a part of the answer in this case, and which the respondent admits was served upon him, it is provided, "That I notify you that unless you pay up the back taxes and any water assessments that are unpaid, and also pay the interest up to February 27, 1907, on or before the 31st day of March, 1907, the contract will be declared forfeited," and that she would no longer recognize the contract as being binding. This is not a waiver of the condition in the original contract, and that time is of its essence, but is an extension granted to the respondent, giving him additional time in which to make payment, but specifically makes time the essence of such extension, as much so as the original contract. And again on April 2, 1907, the appellant having failed to make payment in accordance with such extension, the defendant exercised her right under the contract by declaring said contract forfeited.

There is nothing in the evidence in this case to warrant even an inference that there was ever any waiver of the provisions in the contract or in the extension given that the time limit as to payment should not be complied with. The findings of the court therefore are clearly contrary to the pleadings and the evidence. The judgment of the court will be reversed and a new trial granted. Costs awarded to the appellant.

AILSHIE, C. J., Concurring.—The condition of the pleadings and the theory on which this case was tried impel me to

concur in a reversal of the judgment. Plaintiff in the lower court, who is respondent here, commenced his action and prosecuted his case on the theory that the defendant and appellant had executed a contract for the conveyance of certain real property and that, relying upon the terms of the contract itself, he was entitled to a specific performance thereof. The facts of the case do not entitle him to relief in an action for specific performance.

On this appeal, however, the respondent argues that the contract amounted, in fact, to a mortgage and that the evidence in the case and the findings by the court are at least in substance to that effect. Respondent, who appeared in this court in his own behalf, calls attention of the court to that part of the appellant's evidence wherein she testified as follows: "When Mr. Machold renewed the contract, I gave him something over $300, so the $500 set off one year's interest, and the balance in cash. I loaned him that much additional." In commenting on this evidence, respondent says: "Now, therefore, if Millick only held title as security for a loan, no title passed from Millick to Farnan, and even if appellant did not loan the money direct to respondent, which she admits she did, appellant could receive only the mortgagee's right as security." In other words, respondent claims on this appeal that when he was unable to pay Millick the balance of the purchase price, he began looking around to find some one who would loan enough money to pay off Millick, and that he found the appellant who was not only willing to pay Millick the one thousand dollars, but was also willing to loan him (the respondent) the further sum of $500, and take title to this real estate as security therefor. He claims that the legal title passed to Mrs. Farnan simply as security for the payment of the sum of money she advanced to Millick and of the loan to respondent, and that she cannot be heard to contend in court now that the transaction was a purchase on her part with a mere agreement to reconvey in case of payment.

As above stated, the condition of the record on this appeal is not such as to authorize or justify us in a consideration of that branch of the case. There is some evidence in the rec-

ord which tends to support this theory, and some of the findings of the trial judge are in harmony with that evidence, and with respondent's present theory of the case. The findings, however, are not sufficient to support a judgment declaring this transaction a mortgage, and, on the other hand, the evidence is not sufficient to support findings and judgment for specific performance. This is not an action to have the transaction declared in legal effect a mortgage. For these reasons, I concur in a reversal of the judgment.

Sullivan, J., concurs with the concurring opinion.