Points Decided.

(July 3, 1918.)

## FRANK BELL, Respondent, v. S. H. STADLER and MARGARET STADLER, His Wife, Appellants.

[174 Pac. 129.]

REAL PROPERTY—RESCISSION OF CONTRACT OF SALE—PLEADING—ENCUMBRANCES—COST BILL—APPEAL AND ERROR.

1. In an action by the vendee to rescind an executory contract of sale of real estate by reason of the vendor's refusal to perform, it having been agreed that the stipulated time of payment of the purchase price should be of the essence of the contract, the complaint is defective if, without presenting any legal excuse therefor, it shows that the vendee has not complied with the terms of the contract by making payment when due.

2. Where the answer and evidence show that the vendor has, at all times, treated an executory contract of sale as being in full force and effect, the failure of the vendee to tender final payment at the time it fell due is waived.

3. An agreement to convey real property in fee simple, free and clear of all encumbrances, is not fulfilled by tender of a title which exposes the party holding it to litigation.

4. A vendor in an executory contract of sale, made in good faith, need only be able to perform when the vendee has a right to call upon him to do so.

5. A negative pregnant does not present an issue of fact.

6. An order denying a motion to strike a cost bill, not being a part of the judgment-roll, nor one of the papers required to be furnished to this court upon appeal, cannot be reviewed unless incorporated in a bill of exceptions.

[As to construction if covenant in contract of sale that grantor shall give warranty deed, see note in Ann. Cas. 1915B, 1022.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action to rescind an executory contract of sale of real estate and to recover money paid pursuant thereto. Judgment for plaintiff, and order entered denying a new trial. Appeal from order dismissed. *Judgment affirmed.*

Lynn W. Culp, for Appellants.

The contract of sale was forfeited *ipso facto* on December 26, 1915, when plaintiff failed to make payment or tender of payment. (*Machold v. Farnan,* 14 Ida. 258, 94 Pac. 170; *Prairie Dev. Co. v. Leiberg,* 15 Ida. 379, 98 Pac. 616; *Rischar v. Shields,* 26 Ida. 616, 145 Pac. 294; *Papesh v. Wagnon,* 29 Ida. 93, 157 Pac. 775; *Sleeper v. Bragdon,* 45 Wash. 562, 563, 88 Pac. 1036.)

It was not enough that the plaintiff believed the title of the defendants was defective, or that it was in fact clouded; there was a condition precedent for him to perform, and he cannot be heard to complain till he has so performed, or tendered performance, either by the time specified in the contract, or within the time allowed by the defendants in their notice, which was five days from date thereof. (*Papesh v. Wagnon, supra; Rischar v. Shields, supra.*)

James F. Ailshie and J. Ward Arney, for Respondent.

The vendee of real estate has the right to a clear title before he can be compelled to pay the purchase price. (*Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540; *Newmyer v. Roush,* 21 Ida. 106, Ann. Cas. 1913D, 433, 120 Pac. 464; *Dunn v. Mills,* 70 Kan. 656, 3 Ann. Cas. 363, 79 Pac. 146, 502.)

Under such a contract as is before this court, the vendee is entitled to demand a marketable title. (*Greenblatt v. Hermann,* 144 N. Y. 13, 38 N. E. 966; *Moore v. Williams,* 115 N. Y. 586, 12 Am. St. 844, 22 N. E. 233, 5 L. R. A. 654; *Howe v. Coates,* 97 Minn. 385, 114 Am. St. 723, 107 N. W. 397, 4 L. R. A., N. S., 1170.)

MORGAN, J.—The appeal from the order denying appellants' motion for a new trial is dismissed for the reason that the record does not contain a certificate showing what papers were submitted to the judge and by him used on the hearing of the motion. (*Walsh v. Niess,* 30 Ida. 325, 164 Pac. 528, and cases therein cited; *Bumpas v. Moore,* (Ida.), 175 Pac. 339.

It appears in the complaint and from exhibits attached thereto that by written contract and an extension thereof respondent had agreed to buy, and appellant, S. H. Stadler, to sell, certain real estate; that final payment of the purchase price was to be made by December 26, 1915, time being of the essence of the agreement, and if payment was not so made, at the option of appellant the contract was to be forfeited and determined, and any money paid was to be retained as liquidated damages; that before and on said date, and continuously thereafter, certain defects existed in the title to the property; that on March 7, and again on March 10, 1916, respondent tendered to appellants the balance due on the purchase price, and demanded a conveyance of the property, by warranty deed, clear of all encumbrances as specified in the agreement; that appellant refused to perform; that respondent had elected to declare the contract forfeited, and prayed judgment for the return of payments made by him, with interest, less the reasonable rental value of the premises during his occupancy. Appellant filed a general and special demurrer to the complaint, which was overruled.

The complaint was defective in that it showed, without presenting any legal excuse therefor, that respondent's tender of final payment was not made until after it fell due according to the terms of the contract. (*Machold v. Farnan*, 14 Ida. 258, 94 Pac. 170; *Prairie Dev. Co. v. Leiberg*, 15 Ida. 379, 98 Pac. 616; *Papesh v. Wagnon*, 29 Ida. 93, 157 Pac. 775; *Bennett v. Hyde*, 92 Cal. 131, 28 Pac. 104.)

Appellants answered and, without seeking to take advantage of the fact that respondent had apparently forfeited his rights, plead a general denial and a counterclaim wherein they alleged they had been at all times since making the contract, and still were, ready, willing, and able to convey the premises upon payment of the balance due from respondent. They tendered a warranty deed to the property and prayed for the enforcement of the contract and for judgment in the amount unpaid upon the purchase price. Thus the defect of the complaint, in failing to show that the contract was not forfeited when respondent made tender of final payment, was cured by the

allegations of the answer to the effect that the agreement was in force at all times since its inception. (*State v. Thum,* 6 Ida. 323, 55 Pac. 858; *Ludwig v. Ellis,* 22 Ida. 475, 126 Pac. 769.)

Upon the trial respondent introduced evidence showing that on February 11, 1916, appellants notified him that unless final payment was made within five days thereafter, they would declare the contract forfeited; that on February 24, respondent informed appellants he was ready to pay the amount due upon tender to him of a conveyance of the property free from the encumbrances existing upon it; that on February 26, appellants again notified respondent that they would, within ten days therefrom, accept final payment and comply with their agreement; that on March 8, 1916, respondent tendered the amount due, calling attention to specific defects of title; and that thereupon appellants, not relying on a forfeiture by respondent, tendered him a deed to the property, which was refused for the reason that the defects of title still existed, which defects appellants, both then and thereafter, refused to correct.

The answer and the evidence thus disclosed that appellants, at no time, either before or during the trial, considered the agreement abrogated, and they are in no position to say that respondent cannot recover because of a loss of his rights through noncompliance with its terms as to time of payment. (*King v. Seebeck,* 20 Ida. 223, 118 Pac. 292.)

The court found that certain deeds and a judgment described in the complaint purporting to convey, and to affect, the title to portions of the property in question, were, with the exception of a sheriff's deed based on the judgment, in existence and of record on December 26, 1915, at the time of appellants' final refusal to perform. These findings are fully supported by the evidence and will not be disturbed. (*Lambrix v. Frazier,* 31 Ida. 382, 171 Pac. 1134.) From the facts so found the court properly concluded that it was impossible for appellants to convey, according to their agreement, and that a breach, by them, of the covenants of the contract was thereby constituted. In fact appellants' brief tacitly

admits that it would take an action in court to remove the cloud cast upon their title by one of the deeds specified in the findings. An agreement to convey in fee simple, free and clear of all encumbrances, implies the assurance of a marketable title. (*Hale v. Cravener,* 128 Ill. 408, 21 N. E. 534; *Eggers v. Busch,* 154 Ill. 604, 39 N. E. 619; *Vankeuren v. Siedler,* 73 N. J. Eq. 239, 66 Atl. 920; *Herman v. Somers,* 158 Pa. St. 424, 38 Am. St. 851, 27 Atl. 1050.) In equity, such a title is one as free from apparent defects as from actual defects, one in which there is no doubt involved, either as a matter of law or fact. Every title is doubtful which invites or exposes the party holding it to litigation. (*Eggers v. Busch,* and *Herman v. Somers,* above cited; *Howe v. Coates,* 97 Minn. 385, 114 Am. St. 723, 107 N. W. 397, 4 L. R. A., N. S., 1170; *Moore v. Williams,* 115 N. Y. 586, 12 Am. St. 844, 22 N. E. 233, 5 L. R. A. 654; *Turner v. McDonald,* 76 Cal. 177, 9 Am. St. 189, 18 Pac. 262; *Hooe v. O'Callaghan,* 10 Cal. App. 567, 103 Pac. 175.)

It is immaterial that respondent may have had notice of the existence of the defects of appellants' title at the time the agreement was made. For the purposes of the contract it would have been sufficient if appellants were able to perform when their vendee had a right to call upon them to do so, and the court rightly considered their title as it stood at that time only. (*Golden Valley Land & Cattle Co. v. Johnstone,* 25 N. D. 148, 141 N. W. 76; *Arentsen v. Moreland,* 122 Wis. 167, 106 Am. St. 951, 99 N. W. 790, 2 Ann. Cas. 628, 65 L. R. A. 973.)

It was alleged in the complaint that the sum of $211.18 was reasonable rent and interest thereon for the use and possession of the premises during the time respondent occupied them. The answer simply denied ''that $211.18 is a reasonable rent, or reasonable interest, etc.'' Respondent introduced no proof on this point and his objection to the introduction of evidence thereon by appellant was sustained. The ruling was correct, for a negative pregnant does not raise such an issue of fact as to put the parties to their proof. (*Welch v. Bigger,* 24 Ida. 169, 133 Pac. 381; *Jackson v. Green,*

13 Okl. 314, 74 Pac. 502; *Blanck v. Commonwealth Amusement Corporation,* 19 Cal. App. 720, 127 Pac. 805; *Spencer v. Turney,* 5 Okl. 683, 49 Pac. 1012; *Schroeder v. Mauzy,* 16 Cal. App. 443, 118 Pac. 459.)

It may have been within the discretion of the trial court, as suggested by appellants, upon finding the issues in favor of the respondent, to have extended to them an opportunity to clear their title of the clouds found to encumber it and to permit the contract to be rescinded only upon their failure to do so. The action of the court in this particular is not assigned as error and, even if it was, we would be loath, in view of what appears in the record, to disturb the judgment upon this ground. No offer was made in the answer to remove any clouds the court might find upon appellants' title, and no request for permission so to do was made at any time. Appellants stood upon their allegations that the title was not defective, tendered what title they had, and asked that respondent be required to pay for it.

The order of the court denying appellants' motion to strike respondent's cost bill cannot be reviewed for the reason that it is not part of the judgment-roll, nor is it one of the papers required to be furnished to this court upon appeal, and it has not been incorporated in a bill of exceptions. (*Bumpas v. Moore, supra,* and cases therein cited.)

The other assignments of error are immaterial. The judgment appealed from is affirmed. Costs are awarded to respondents.

Budge, C. J., and Rice, J., concur.