### ·COLLINS, Appellant, v. KARES, Respondent.

### (193 N. W. 130.)

(File No. 5211.   Opinion filed April 3, 1923. )

**Escrows—No Excuse For Refusal to Deliver, That Deed Invalid.**

In an action for damages for defendant's failure to deliver a warranty deed with the name of the grantee left in blank, which had been deposited with defendant in escrow, defendant refusing to deliver the papers until a certain sum in cash had been paid to him, it was error to exclude evidence, offered by plaintiff, that the grantors in the deed had directed plaintiff to insert his' name as grantee, that the vendors and the purchasers were desirous of completing the deed, and that such matters were communicated to defendant; it being entirely immaterial

25—Vol. 46, S. D.

as regarded defendant's duty to deliver, whether the deed was valid or not.

Appeal from Circuit Court, Tripp County; Hon. John G. Bartine, Judge.

Action by John F. Collins against George F. Kares. A verdict for defendant was directed, judgment of dismissal entered, plaintiff's motion for new trial denied, and plaintiff appeals. Reversed, with directions.

*P. A. Hosford,* of Winner, for Appellant.

*Doherty & Talbott,* of Winner, for Respondent.

Respondent cited, as to deeds in blank: Montgomery v. Dresher (Neb.), 38 L. R. A. (N. S.) 423; Note to McCleerey v. Wakefield, 2 L. R. A. 529; 2 Cyc. 165; Ballou v. Carter et al (S. D.), 137 N. W. 603; Lund v. Thackery, 18 S. D. 113, 90 N. W. 856; Dal v. Fischer, 20 S. D. 426, 107 N. W. 534; Allen v. Allen et al, 51 N. W. 473.

DILLON, J. This action is brought to recover damages for the failure to deliver a warranty deed, executed by Julia Williams and her husband, Frank S. Williams, with the name of the grantee left in blank, together with an abstract of title for the real estate described in said deed. The plaintiff claims that he has been damaged by defendant's acts in failing to turn over such papers, thus defeating a bona fide sale of said property to one Carver, whose sale contract had been reduced to writing, and that said Carver was able, ready, and willing to complete such purchase, but that said defendant refused to deliver such papers and thereby violated the following escrow agreement:

"Exhibit A.

"3-2-1920.

"When $1,000 is deposited for the credit of F. S. Williams, this deed and abstract is to be turned over to C. A. Pinney and John F. Collins. Not to be turned over to either one alone, but in the presence of both John F. Collins and C. A. Pinney. It is acknowledged by Collins that C. A. Pinney has $1,520 in this deal. At any time that John F. Collins deposits $1,730 to the credit of Clarence A. Pinney the deed and abstract is to be turned over to John F. Collins.

"C. A. Pinney,
"Jn. F. Collins."

It appears from the testimony of John F. Collins that he presented Exhibits D, E, and F to the defendant, showing a release, assignment of all interest, and waiver of John F. Collins, C. A. Pinney, and Frank S. Williams, with a statement that such escrow agreement had been complied with, and that said property had been sold, and a demand for such papers. John F. Collins testified:

"I made a demand for the papers."

Defendant said:

"I will tell you, Mr. Collins, I will not turn over those papers to you until Frank Williams pays me a thousand dollars."

Defendant testified:

"I told him [Collins] in substance I refused to turn over the papers, and had refused to turn them over."

Defendant's answer contains this statement: The defendant has not delivered the same (meaning the escrow papers) to any person, but has kept said deed and abstract of title and all papers in connection with said escrow; that he has applied to the court for an order naming a depository and discharging him from further liability. Under section 2324 of the Code of 1919. On the trial the plaintiff's case was only partially developed. He was not permitted to prove that the grantors, Julia and Frank S. Williams, in the deed left in escrow had directed John F. Collins to insert his name as grantee in said deed and that vendors and purchaser in the presence of each other were willing and desired to complete such deed by inserting the name of the purchaser, John F. Collins, in the blank left for the grantee; and that these matters were communicated to the defendant. All of this evidence was excluded by the trial court.

This was all material testimony for the plaintiff, and in our judgment the court erred in rejecting this evidence and also the offer of proof, and that the rejection of such evidence constituted prejudicial error. We deem it unnecessary to discuss the numerous assignments of error in the rejection of evidence and in the overruling of the various offers made to prove the attempt to vitalize the incomplete deed. The learned trial judge assumed that the deed with grantee's name left in blank was wholly void for every purpose, and excluded practically all of the plaintiff's testimony tending to show that the grantors were insisting upon

the validity of their own deed, and were trying to make the same effective.

The rule laid down in Lund v. Thackeray, 18 S. D. 113, 99 N. W. 856, Dal v. Fischer, 20 S. D. 426, 107 N. W. 534, and Ballou v. Carter et al., 30 S. D. 11, 137 N. W. 603, wherein it was held that a deed with the name of the grantee left in blank was void, does not cover the facts in this case, and such rule ought not to be construed as holding that the deed was void for all purposes because the parties had the power to correct and make binding their own deed. Defendant had no right to demand the payment of $1,000 as a condition to the delivery of such papers. It was utterly immaterial to him whether the deed was good or not as a conveyance. His undertaking was in the escrow agreement, and he was bound to fulfill it according to its terms. While the deed was void as a conveyance, the grantors themselves could complete it, and they sought to do so, and thus turn an incomplete instrument into a completed one. The purchaser was on the ground, insisting that the cloud on the title should be removed, and when the defendant stubbornly refused to allow the transaction to be closed, the purchaser became angered and tore up the papers and refused to complete the sale because the defendant would not allow the deed and abstract to be taken down.

This is not an action where any of the parties are seeking to sustain a transaction involving a deed executed with the name of the grantee left in blank. No question of the passing of the title is involved in this action, but the parties should be permitted to ratify their own acts.

The cases wherein the court holds that the deed is void when the grantee's name is missing are cases involving the power of the agent to insert the grantee's name in the deed. The law in this state requires such authority to be in writing, but in this case, under the showing offered, there could not be any question about the authority of the agent because the principals sought to accomplish the act themselves, and no law prevents them from ratifying and approving such a sale as that made to Collins.

In view of the conclusion herein expressed, we find it unnecessary to pass upon the assignments of error relative to the claim for damages. The court erred in directing a verdict for

the defendant and in overruling the plaintiff's motion for a new trial. This cause is reversed, and the lower court is directed to vacate the judgment of dismissal.

Note—Reported in 193 N. W. 130. See American Key-Numbered Digest, Escrows, Key-No. 10, 21 C. J. Sec. 24.