[Civ. No. 6770. Second Appellate District, Division One.—October 29, 1931.]

J. H. TURNER, Respondent, v. AMERICAN HOSPITAL ASSOCIATION (a Corporation), Appellant.

Louis, Quillian & Pool for Appellant.

Hoye & Boehler for Respondent.

CONREY, P. J.—This is an appeal by defendant from a money judgment rendered upon a complaint for damages for breach of a contract of employment, which included a contract to repurchase stock in the defendant corporation, as stated in the first count.

Judgment was rendered in favor of the plaintiff on the first cause of action for the sum of $2,500, with interest, and on the third cause of action for the sum of $215.15. Appellant concedes that the judgment as to said third count is correct.

The contract in question was a contract which provided for the employment of the plaintiff as manager of the Huntington Park Hospital of the defendant corporation, and the salary to be paid was set out in full therein. There is no dispute regarding the salary or the payment or nonpayment of the same. In addition to the contract of employment and payment of a salary therefor, the contract contained the following clause:

"I hereby acknowledge receipt of your check for $2500.00 and hand you herewith stock certificate for 2500 shares of stock in the American Hospital Association, Incorporated, par value $1.00 (estimate book value $2.15 per share). It being understood that if at the expiration of three months from the above date, your services are not satisfactory to the American Hospital Association, Incorporated, or for any reason you wish to tender your resignation, we will purchase your stock at a price not less than $2500.00 plus seven per cent (7%) interest from date of this contract. We agree to give you thirty days' written notice if it is decided to cancel the terms of this contract after three months from date and shall expect the same amount of notice from you, if at any time after the three months, you decide to terminate it.

"If, after the expiration of three months from date, it is mutually agreed to continue under the terms of this contract, then the same shall be considered as in full force and binding upon both parties."

Plaintiff performed services under this contract for approximately one year, or until October 6, 1927. The contract was terminated by letter addressed to the defendant corporation, signed by plaintiff, dated September 6, 1927. Plaintiff received 2,500 shares of stock of defendant corporation, as required by the terms of the contract. The plaintiff did not tender the stock to the defendant corporation. At the time of the trial and at the time of the execution of the contract, the defendant corporation had creditors and was indebted in a sum in excess of the assets

of said corporation. Upon a refusal of the defendant corporation to repurchase the stock owned by plaintiff and to pay a small balance due the plaintiff for services rendered, this action was commenced.

The first point presented by appellant is, that to enable plaintiff to enforce the contract, plaintiff should have tendered his resignation and should have demanded compliance with the terms of the contract to repurchase the stock within three months after the date of the execution of the contract. On reading the terms of the contract, as hereinabove set forth, it clearly appears that the agreement divides itself into two parts. The first part looks to a probationary period of three months within which the parties are to determine whether they will be satisfied to put the contract on a more permanent basis. In contemplation of that period of trial or experiment it was provided that if at the expiration of three months from the date of the contract either party was not satisfied to go on with it the corporation would purchase plaintiff's stock at the stated price. At that time and under those conditions the contract, under its terms, would be *terminated* (not *canceled*) forthwith. The subsequent provisions relating to a thirty-day notice had nothing to do with termination of the contract under such temporary arrangement.

The second part of the contract assumes that the temporary or probationary period has been successful and that the parties have continued under the terms of the contract without terminating it at the end of the first three months. Under those conditions it was agreed that if either party decided to cancel or terminate the agreement *after* three months from date, a thirty-day notice would be given. But there is nothing in the contract whereby under such subsequent termination of the agreement the corporation agreed to purchase the plaintiff's stock.

It is also very clear and plain that the time limit of three months, in relation to the agreement to purchase the stock, was "of the essence" of the contract. This is an action at law. At common law, time is of the essence of a contract. (*Bennett* v. *Hyde,* 92 Cal. 131, 134 [28 Pac. 104]; *Glock* v. *Howard,* 123 Cal. 1, at p. 9 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; see, also, 6 R. C. L., p. 898, and R. C. L. Perm. Supp., p. 1853.)

In view of the foregoing interpretation of the contract, it is not necessary to consider the other grounds of appeal stated in appellant's brief.

The judgment is hereby modified by reducing the amount of plaintiff's recovery from $3,167.35 to the sum of $215.15. As thus modified, the judgment is affirmed. Costs of the appeal are allowed to appellant.

Houser, J., concurred.

York, J., dissented.