364 P.2d 365

S. FOREMAN and Marie Foreman, Plaintiffs-Appellants,

v.

Earl TODD, Bertha Todd, and Donald Todd, Defendants,

and

First National Bank of Bonners Ferry and J. H. McNally, Defendants-Respondents.

No. 8974.

Supreme Court of Idaho.

Oct. 19, 1961.

As Modified on Denial of Petition for Rehearing

J. Henry Felton, Lewiston, for appellants.

Prather & Wilson, Bonners Ferry, for respondents.

Stephen Bistline, Sandpoint, for defendants Todd.

McQUADE, Justice.

This action arises out of a contract for sale of farm land in Boundary County, Idaho, and assignment of the vendees' interest

to the plaintiffs. Assignors are George A. and Madaleine E. Fisher. Respondent First National Bank of Bonners Ferry was at the time referred to in this action the escrow holder for the parties.

Respondent McNally, president of the First National Bank of Bonners Ferry, learned the Fisher place was for sale, and so informed the Foremans. After viewing the property, the Foremans agreed to purchase the Fishers' interest. McNally prepared an assignment of the Todd-Fisher contract pursuant to oral instructions from Foreman.

Plaintiffs made the payments called for by the contract. In making the final payment, they instructed the bank to hold the same "until a satisfactory abstract can be furnished showing clear title."

Plaintiffs by their complaint declare the contract in default because the land was not the same "pointed out to them upon the ground" and defendants have not furnished "a good and · sufficient warranty deed * * * nor an abstract showing clear title." They seek judgment of $18,000.

As part of their cause of action the Foremans allege:

"That the Todds knew of the fraud practiced by J. H. McNally upon the Foremans * * * and participated in perpetrating said fraud upon the Foremans * * * in that the Todds did not inform the Foremans that good title could not be given without litigation."

The trial court, after considering the pleadings and the deposition of S. Foreman, entered a summary judgment of dismissal as to respondents McNally and the First National Bank of Bonners Ferry. It stated:

"* * * plaintiffs have failed to establish facts necessary to show a cause of action against defendant First National Bank of Bonners Ferry and Defendant, J. H. McNally since no liability has been shown on the part of the defendant First National Bank of Bonners Ferry or of the defendant J. H. McNally: that there have been no misrepresentation made by the defendant First National Bank of Bonners Ferry or by the defendant J. H. McNally: that no damage has been shown to have arisen by any act of defendant First National Bank of Bonners Ferry or by defendant J. H. McNally: that neither defendant First National Bank of Bonners Ferry or defendant J. H. McNally Acted as, pretended to act as or held itself or himself out as acting or as authorized to act as agent or attorney for either, any, or all, of the persons, Carl Todd, Bertha Todd, Don-

ald Todd, Madeleine E. Fisher, George Fisher, S. Foreman or Marie Foreman * * *."

Plaintiffs appeal from this judgment. They assert it should not have been granted in that there were contested issues of fact.

Plaintiffs rely heavily on the argument McNally was practicing law without a license and should be held civilly liable therefor. In their amended complaint, plaintiffs allege McNally drew the contract between the Todds and the Fishers, the deed, the escrow agreement, and the assignment; that the attorney examining the abstract advised McNally of defects in the chain of title, and he failed to communicate this to plaintiffs; that defendants have failed to give a good and sufficient warranty deed and abstract of title as provided in the contract.

In his deposition, Foreman stated before the assignment of the contract was completed he saw and read the attorney's opinion as to the state of the title, and was satisfied that the title was all right.

Plaintiffs' theory is that McNally was the agent of the Todds, and he is therefore liable with them for defects in the title which the Todds purported to convey by warranty deed. The following colloquy between counsel appears in the course of Mr. Foreman's deposition:

"Mr. H. Felton: * * * We claim that McNally was the agent of the Todds and the Todds at that time made a new deed directly from themselves to the Foremans and so they picked up the representation of McNally.

* * * * * *

"Mr. Bistline: * * * That is, that's your theory * * * that the Todds have somehow or other become bound by any actions of Mr. McNally?

"Mr. H. Felton: That's right."

The authorities are divided as to whether an escrow holder is the agent of both parties to the transaction, or is a third party to whom the principals have entrusted certain duties. However, the escrow holder cannot be the agent of only one of the parties as contended by plaintiffs. This is succinctly set out in Nickell v. Reser, 143 Kan. 831, 57 P.2d 101, 103:

"* * * the deposit of instruments in escrow cannot be made with one who is the agent of either of the parties to the instrument * * * for if the depository is the agent of the grantor, the instrument is retained by him; if the agent of the grantee, there is a delivery of the instrument. To the extent the term agent is applicable, it is a limited agency, with duties and powers limited to the terms of the escrow agreement. * * *"

Cf. Williams v. Williams, 82 Idaho 451, 354 P.2d 747. See also 19 Am.Jur., Escrow, sec. 13, p. 430, wherein it is stated:

"In a broad sense, every depositary of an escrow is the agent of both parties. For the purpose of making delivery upon the performance of the conditions, he is no less the agent of the grantee than the agent of the grantor. He is empowered to aid neither, being merely the conduit used in the transaction for convenience and safety. He may, therefore, be looked upon as a special agent of both parties, with powers limited only to those stipulated in the escrow agreement. Strictly, however, the depositary is not an agent at all, but rather the trustee of an express trust with duties to perform for each of the parties, which duties neither can forbid without the consent of the other. When the depositary knows the terms of the agreement so that he may understand his duties, he acts by virtue of his own powers, and not as the agent of anybody. * * *"

 Duties of an escrow holder are those set out in the escrow agreement. The holder acts as a depositary, and is not concerned with nor responsible for defects in the title to the property. Collins v. Kares, 46 S.D. 385, 193 N.W. 130. Plaintiffs must look to their grantors, not to the depositary nor its officer, for title. Cf. Bell v. Stadler, 31 Idaho 568, 174 P. 129.

I.R.C.P. 56(c) provides, inter alia:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law. * * *" (Emphasis added.)

Appellant S. Foreman, by his pleading and deposition, raises no genuine issue as to any material fact, and the trial court properly concluded on the undisputed facts, as a matter of law, that plaintiffs had shown no right of relief against the bank or McNally.

The judgment is affirmed.

Costs to respondents.

TAYLOR, C. J., and SMITH and McFADDEN, JJ., concur.

KNUDSON, J., sat at the hearing but did not participate in the decision.