KISTER v. POLLAK et al.

(Supreme Court, Appellate Division, Second Department.   March 6, 1908.)

1. VENDOR AND PURCHASER—CONTRACTS—CONSTRUCTION.

A contract for the sale of realty stipulated that if the title was unmarketable the sum deposited with the vendor's attorneys should be returned to the purchaser and the contract should be void, and declared that the sum deposited was deposited in escrow with the attorneys, receipt whereof was acknowledged. Indorsed on the agreement was an acknowledgment by the attorneys of the deposit, in accordance with the terms of the contract, to be held in escrow by them until delivery of the deed according to the terms of the contract. *Held,* that the obligation of the attorneys with respect to the deposit must be determined by a construction of the contract and the indorsement together.

2. SAME—RESCISSION OF CONTRACT—COMPLAINT.

An action by the purchaser in a contract for the sale of realty which provided that if the title proved unmarketable, or the vendor could not obtain title, the sum deposited by the purchaser should be returned, the complaint in which alleges that the purchaser made the deposit, and the agreement by the vendor in respect to the return of the sum deposited, and avers that the vendor was not the owner of the premises and did not obtain title thereto, that the purchaser had failed to obtain a deed, and had demanded a return of the deposit which had been refused, is to be regarded as an action for a rescission of the contract, on the ground of the vendor's failure to perform and a recovery of the deposit, and the complaint, for failing to aver a willingness to purchase and a demand for performance, is bad.

3. SAME.

Where the performance of a contract for the sale of real estate was deferred indefinitely by common consent, the purchaser could not declare as for a breach of contract without proof of his readiness to perform and of his demand for performance within a reasonable time, and the vendor could not assert a forfeiture of the part payment without proof of tender of and demand for performance.

4. SAME—ACTION BY VENDEE FOR BREACH OF CONTRACT.

The time for the performance of a contract for the sale of real estate was indefinitely extended by mutual consent. The vendor conveyed the premises to a third person. *Held,* that the purchaser could sue for a breach of contract without demand of performance, if at the time of the conveyance the reasonable time in which the purchaser might avail himself of the contract had not expired.

**5. SAME—ACTION FOR RECOVERY OF EARNEST MONEY—EVIDENCE.**

A purchaser in a contract for the sale of real estate deposited a part of the price with the attorneys of the vendor under an agreement that the deposit should be returned on the title proving unmarketable. The time for the performance of the contract was indefinitely extended by mutual consent. The vendor thereafter conveyed the premises to a third person, and the purchaser sued for the deposit. *Held*, that the vendor's attorneys, asserting that the deposit belonged to the vendor, must prove that at the time the vendor conveyed the property the reasonable time wherein the purchaser might avail himself of the contract had expired, which was not shown by a letter written by the attorneys addressed to the attorney of the purchaser, which did not make a tender and demand.

**6. SAME—RESCISSION OF CONTRACT.**

A purchaser in a contract for the sale of real estate deposited with a third person a check as a part of the price, to be returned on the title proving unmarketable. The purchaser made a demand on the third person for the return of the money represented by the check, and expressly avowed his desire to perform the contract, merely insisting that the cashing of the check was a variation of the terms of the agreement under which it was delivered. *Held*, that the action of the purchaser did not amount to a rescission of the contract.

**7. SAME.**

The mere fact that a vendor, under contract to convey land, did not have title thereto on the day fixed for performance, or thereafter, cannot avail the purchaser demanding rescission of the contract and a recovery of the part of the price paid where no such objection was ever made by him.

Appeal from Trial Term, Kings County.

Action by Celia Kister against Samuel B. Pollak and another. From a judgment for defendants, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

J. A. Seidman, for appellant.

Charles L. Hoffman and Henry A. Friedman, for respondents.

JENKS, J. I think that the obligation of the defendants is to be determined by reading the contract and the agreement together. Hine v. Bowe, 114 N. Y. 350, 21 N. E. 733; Knowles v. Toone, 96 N. Y. 534. The contract provides that if the title prove unmarketable, or if the seller fail without her fault to obtain title, "the sum of one thousand dollars hereby deposited shall be returned, * * * and this contract shall then be null and void." "The price is fifty-eight thousand, five hundred dollars ($58,000 [sic]) payable as follows: One thousand dollars deposited in escrow with Pollak & Deutsch on signing of this contract, the receipt whereof is hereby acknowledged." And indorsed on the agreement is an acknowledgment of "chk. for $1,000 deposit in accordance with terms of within contract, to be held in escrow by us until delivery of deed according to terms of contract." In addition to this articulation of the two writings it appears that this agreement was indorsed at the time of the delivery of the check and on the day of the execution of the contract, and that the payees were the attor-

neys acting for the vendor. Indeed, the plaintiff, after stating the deposit, pleads the contract, and avers "in and by the said contract the said Tame Shapiro agreed that the said sum of one thousand dollars, so deposited, shall be returned," etc. The complaint is not confined to action for the return of a deposit for a violation of the terms thereof or for a conversion, but after stating the preliminary facts avers that at no time was Shapiro the owner of the premises, and did not before the beginning of the action obtain title thereto, "and that the said Mechanics' & Traders' Realty Company, without any fault on its part, failed to obtain a deed," and that it had demanded the return of the check or its value and the refusal of the defendants. In other words, here is a declaration of the failure on the part of the vendor to perform her contract. I think, then, that this check represented a deposit on this executory contract as a part payment to Shapiro if she could give a marketable title; if she could not, or if she could not without her fault obtain the title, then the $1,000 was to be returned to the realty company, and the action should be regarded as one to work a practical rescission of the contract on the ground of a failure of the vendor to perform and to recover the deposit paid thereon. The law day was June 14th, but the parties then assembled did not perform. By common consent the passing of title was put off so that the several lis pendens might be canceled. It does not appear that either on that day or thereafter, at least so far as the vendee, the realty company, was concerned, any law day was set either by agreement or by due notice. This omission makes the position of either party vulnerable, so far as this record is concerned, when either assumes to act as if the contract had been broken by the other. The plaintiff could not recover her deposit for a breach of the contract without proof of her assignor's readiness and willingness to perform and of its demand for performance. Hartley v. James, 50 N. Y. 38. The vendor would be in no position to assert her right to the deposit as forfeited by the vendee's fault without proof on her part of tender and demand for performance. When the performance was deferred by common consent without day, then the feature of a reasonable time after June 14th appeared. The vendee could not declare as for a breach until she had proved that she had conformed to the rule of Hartley v. James, supra, within a reasonable time after June 14th and had thus put the vendor in default, unless she showed express refusal of the vendor, or that the latter had made performance impossible by her own act. On the other hand, the vendor could not apply the deposit as upon a breach of the contract by the vendee unless she had proved that she had made a tender and demand upon the vendor within such reasonable time, and thus had put the vendor in default. But for a complication about to be stated, the contract must be regarded as still open, and the right to the $1,000 undetermined and dependent on the further relative acts and omissions of the parties. The complication is this: The law day originally fixed, as I have said, was June 14th. It appeared that the vendee conveyed the property to a third person on June 29th of the same year. She thereby put it

out of her power to perform. If at the time of such conveyance the reasonable time in which the vendee might avail itself of the contract was still running, then it might sue for a breach of the contract without demand of performance. Hartley v. James, 50 N. Y. 43. Before, then, the defendants can assert that the money belonged to their client (and they assert no other right therein), in the face of this proof that their client made her performance impossible and in the absence of any proof that she had put the vendee in default, they must establish that when their client conveyed the property the reasonable time wherein the vendor might avail itself of the contract had expired. There is no proof that the vendor complied with her obligation before she made this conveyance. The letter of her attorneys of June 20th does not suffice, because it is not a tender and demand, and also because it is addressed to the vendee's attorney. Darrow v. Cornell (Sup.) 51 N. Y. Supp. 828. The demand on the defendants on June 14th, after the parties had separated, for the return of the money represented by the check, was not in effect a rescission of the contract, because the vendee then expressly avowed its desire to perform, and simply insisted that the cashing of the check was a variation of the terms of the agreement under which it was delivered. The mere fact that the vendor did not have the title to the realty on June 14th or thereafter cannot avail the plaintiff, because it does not appear that such objection was ever made, but the indications are that the vendee was willing to take the title direct from the contractor with the vendee. If the objection had been made, it presumably could have been obviated forthwith, and, on the other hand, a conveyance from the contractor with the vendor, without request for conveyance from the vendor herself, would have been a substantial performance. Bigler v. Morgan, 77 N. Y. 312.

The judgment and order must be reversed, and a new trial be granted, costs to abide the event. All concur.