(December 1, 1926.)

# P. A. SORENSEN, Respondent, v. W. S. LARUE and LIN-NIE LARUE, His Wife, Appellants.

[252 Pac. 494.]

VENDOR AND PURCHASER—EXECUTORY CONTRACT FOR SALE OF LAND—FURNISHING ABSTRACT CONDITION PRECEDENT—UNJUSTIFIED RESCISSION BY VENDOR—EFFECT—TENDER AND DEMAND—COURT CANNOT MAKE CONTRACT—CHANGE OF FORM OF ACTION NOT PERMITTED.

1. Condition requiring vendor to furnish abstract showing clear title fifteen days before last payment on contract is condition precedent to right of vendor to exact such payment.

2. Where vendor was unable to furnish abstract showing clear title at time deed should have been given and final payment made, purchaser was under no duty to tender payment.

3. Where vendor, although unable to furnish abstract showing clear title, by his conduct and by bringing suit, declared contract rescinded, purchaser had right to adopt rescission and declare breach of contract and to recover payments made thereunder.

4. Admissions of counsel that purchaser was unable to make payment are immaterial when made after time when purchaser had right to refuse to make payment because of vendor's inability to furnish abstract showing clear title.

5. Although both parties under executory contract may waive strict performance, purchaser need not thereafter show further tender or demand, if he shows express refusal of vendor to comply.

6. Declaration of intention not to comply with contract, made before time when vendor was entitled to compliance, must be positive and unequivocal in order that vendor may rely thereon.

7. Vendor having demanded payment after date of letter from purchaser, and at time that he himself was in default in failing to furnish abstract, cannot be heard to claim that purchaser had unqualifiedly refused to make payment in such letter and thereby placed himself in default before payment was due.

8. Purchasers' offer in cross-complaint to return property under such conditions as court might impose was sufficient, where vendor was nonresident with no other property in the state, so that purchasers were not thereby precluded from rescission for failure to actually return property.

9. Good title which vendor must furnish under executory contract for sale of land is ordinarily good title as of date when same is required by contract to be furnished.

Argument for Appellants.

10. Where vendor brought action to enforce forfeiture of executory contract for sale of land, without having cleared title or requesting time or opportunity to do so, court erroneously granted additional time to clear title after determining title was not sufficient, as in effect imposing on purchaser performance of contract different in matter of time from that entered into.

11. Courts cannot make contracts for parties.

12. Vendor cannot be permitted to turn an unsuccessful action of ejectment into a successful one for specific performance, when assertion of his unsuccessful claim furnishes ground for purchasers to rescind and resist specific performance.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Action to recover possession of real property. Judgment for plaintiff. *Reversed and remanded.*

Hawley & Hawley, for Appellants.

The plaintiff was under obligation, as condition precedent to receiving the final payment, to furnish an abstract of title. (*First Nat. Bank v. Callahan Min. Co.*, 28 Ida. 627, 155 Pac. 673; *Marshall v. Gilster*, 34 Ida. 420, 201 Pac. 711; *Kennedy v. Dennstadt*, 31 N. D. 422, 154 N. W. 271; 5 Page on Contracts, p. 5205; *McLaughlin v. McAllister*, 36 Fed. 745; *Walsh v. Colvin*, 53 Wash. 309, 101 Pac. 1085.)

The abstract must show title free from reasonable doubt. (*Bell v. Stadler*, 31 Ida. 568, 174 Pac. 129; *Howe v. Coates*, 97 Minn. 385, 114 Am. St. 723, 107 N. W. 397, 4 L. R. A.,

Publisher's Note.

1. Furnishing abstract as a condition precedent, see note in 43 L. R. A., N. S., 47. See, also, 27 R. C. L. 512.

6. See 6 R. C. L. 930.

9. See 27 R. C. L. 517.

See Contracts, 13 C. J., sec. 485, p. 525, n. 37.

Vendor and Purchaser, 39 Cyc., p. 1331, n. 90; p. 1357, n. 42; p. 1422, n. 34; p. 1423, n. 35, 36; p. 1424, n. 44; p. 1516, n. 48; p. 1531, n. 28, 29; p. 1542, n. 96; p. 1562, n. 53, 54, 57; p. 1610, n. 81; p. 2004, n. 49.

N. S., 1170; *Le Roy v. Harwood,* 119 Ark. 418, 178 S. W. 427; *Tandy v. Waesch,* 154 Cal. 108, 97 Pac. 69.)

It was the court's duty on finding that the plaintiff did not have a cause of action to enter judgment upon the defendant's cross-complaint on the theory that the vendor having failed to perform his agreement, the vendee had a right to rescind the agreement and recover back his payments. (*Hall v. Yaryan,* 25 Ida. 470, 138 Pac. 339; *Boyd v. Boley,* 25 Ida. 585, 139 Pac. 139; *Newmyer v. Roush,* 21 Ida. 106, Ann. Cas. 1913D, 433, 120 Pac. 464; *Danzer v. Moerschel* (Mo.), 214 S. W. 849; *Moser v. Tucker* (Tex. Civ. App.), 195 S. W. 259; *Wilson v. Sunnyside Orchard Co.,* 33 Ida. 501, 196 Pac. 302; *Cabrera v. Payne,* 10 Cal. App. 675, 103 Pac. 176; *Abbott v. Independent Torpedo Co.,* 98 Okl. 239, 224 Pac. 708; *San Mateo Land Co. v. Elem,* 293 Fed. 869; *Rath v. Wilgus,* 110 Neb. 810, 195 N. W. 115.)

The defendants had ample grounds for rescission and did rescind the contract, both by notice and by filing cross-complaint. (*Herrington v. Hubbard,* 1 Scam. (Ill.) 569, 33 Am. Dec. 426; 2 Black on Rescission and Cancellation, par. 576; *Hartwig v. Clark,* 138 Cal. 668, 72 Pac. 149; *California Farm & Fruit Co. v. Schiappa-Pietra,* 151 Cal. 732, 91 Pac. 593; *Harding v. Olson,* 177 Ill. 298, 52 N. E. 482; *Knappen v. Freeman,* 47 Minn. 491, 50 N. W. 533; *Hamilton-Brown Shoe Co. v. Millikin,* 62 Neb. 116, 86 N. W. 913; *McGowan v. Blake,* 134 App. Div. 165, 118 N. Y. Supp. 905; *Angel v. Columbia Canal Co.,* 69 Wash. 550, 125 Pac. 766; *Laboyteaux v. Swigart,* 103 Ind. 596, 3 N. E. 373; *Cunningham v. Pettigrew,* 169 Fed. 335, 94 C. C. A. 457; *Marshall v. Gilster, supra.*)

The court had no right to eliminate the importance of time in the contract and practically remake it. (*Machold v. Farnan,* 14 Ida. 258, 94 Pac. 170; *Allen v. Kitchen,* 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052.)

While the defendants waived the presentation of abstract fifteen days before the date of the last payment, they did not waive the presentation of an abstract showing good title

as a condition precedent to the final payment. (*Prairie Development Co., Ltd., v. Leiberg,* 15 Ida. 379, 98 Pac. 616; *Machold v. Farnan, supra;* Anno. to 4 A. L. R., p. 821; *Carroll v. Mundy & Scott,* 185 Iowa, 527, 170 N. W. 790, 4 A. L. R. 811.)

J. B. Eldridge, for Respondent.

Appellant cannot maintain his cross-complaint and has never stated a cause of action. (*Rischar v. Shields,* 26 Ida. 616, 145 Pac. 294; *Chamberlin v. Ivens,* 36 Ida. 235, 210 Pac. 580; *Hall v. Yaryan,* 25 Ida. 470, 138 Pac. 339; *Nance v. Avenall,* 26 Cal. App. 551, 147 Pac. 583; *Wolfe v. Lake,* 178 Ill. App. 340; *Poheim v. Meyers,* 9 Cal. App. 31, 98 Pac. 65; *Loggie v. Chandler,* 95 Me. 220, 49 Atl. 1059; *Crocker v. Crocker,* 198 Mass. 401, 84 N. E. 476; *Abercrombie v. Stoddard,* 39 Ida. 146, 228 Pac. 232.)

The court had authority to give the appellants seven months in which to make the last payment after perfection of title, and this was more than a reasonable time. (*Berding v. Northwestern Securities Co.,* 36 Ida. 384, 211 Pac. 62; *Schurger v. Moorman,* 20 Ida. 97, Ann. Cas. 1912D, 1114, 117 Pac. 122, 36 L. R. A., N. S., 313.)

The appellant invoked the equity powers of the court and will not be heard to complain if the court exercised the same. (21 C. J., sec. 2149, p. 171.)

The making of the last payment and the furnishing of an abstract were mutual, concurrent obligations. (*Abercrombie v. Stoddard, supra; Marshall v. Gilster, supra; Rischar v. Shields, supra; Chamberlin v. Ivens, supra.*)

TAYLOR, J.—Respondent brought this action to recover possession of lands sold by him to appellant W. S. Larue under a contract by which appellant agreed to pay $50,000 by assuming a mortgage on the premises in the sum of $13,630, and paying the sum of $36,370 in instalments together with interest, taxes and certain assessments upon the land. There is little if any dispute as to the facts. They are largely stipulated. The last payment of $8,000

came due upon March 5, 1922. Time was made the essence of the contract, and the vendor was "to furnish an abstract of title, fifteen days before last payment is made, showing title in the party of the first part, free and clear of all encumbrances to the date of this agreement, except a balance of $13,630 due on a mortgage of $14,500, and to furnish good and sufficient warranty deed for the conveyance of said premises to the party of the second part . . . . "

The respondent did not tender an abstract of title fifteen days or any time before March 5, 1922, and was not upon that date or for a long time thereafter, if at all, able to give title; neither did the appellant upon that date tender the balance of $8,000. On March 20, 1922, respondent furnished abstracts to which the appellant objected and served written notice of his objections. The respondent at all times insisted that the abstracts showed title in compliance with the contract, and upon May 11, 1922, served on appellants a notice in writing demanding payment of the balance on or before June 1, 1922, and stating that unless so paid all payments theretofore made would be forfeited, with a demand of possession unless payment was so made. On May 26, 1922, appellant served on respondent further objections to the title, specifically reciting the defects and rejecting the abstracts, and declaring that he was ready, able and willing to comply with his contract and pay plaintiff the full amount due on his contract as soon as plaintiff should establish the character of title called for by the agreement, and further expressing a willingness to cancel the contract and surrender the premises upon repayment of the moneys paid by him, and notifying plaintiff that if he did not furnish an abstract showing such title by July 1, 1922, he would rescind the contract and sue for the return of all payments made thereunder.

Respondent took no further steps to perfect his title, and at all times insisted that the title offered was sufficient and in compliance with the contract, and upon September 9, 1922, brought this action alleging full compliance with, and performance of, his contract; default of the defendant;

service of notice in writing demanding payment of the balance of $8,000 on or before June 1, 1922; and that plaintiff "has exercised his option to declare, and has declared, that said agreement has become null and void, and all payments made, together with all improvements on said premises, are forfeited," and praying possession of the lands.

The defendants, by answer and cross-complaint and amendments thereto, alleged that the plaintiff had failed to deliver an abstract of title, and was unable to give such abstract of title, setting forth the defects with particularity; that defendants were "under no obligation to actually make a tender of the said $8,000 due March 5, 1922, for the reason that to make such tender would be a useless act since the said cross-defendant (Sorensen) did not offer any other or further abstract or correct the defects in his title heretofore mentioned; that, therefore, the said offer of the $8,000 was not made because same would have been a useless and unnecessary act." The cross-complaint alleged all the material facts of plaintiff's alleged default, declared defendants ready, willing and able to, and offered to, restore possession of the premises upon being repaid instalments of the purchase price, interest, water assessments and taxes paid by them, therein set forth, and declared themselves ready, willing and able to account to the plaintiff for all the income and profits derived from the property, as well as the expense of maintaining and operating it, and to return to the plaintiff any amounts which might be considered due from them. The cross-complaint further set forth that the plaintiff was a nonresident of Idaho, with no property in the state other than his interest in this property, and prayed that they be left in possession of the property until the plaintiff should have made payment of the amounts due under the contract, and prayed a rescission of the contract, and judgment for the amounts paid less such credits as the facts warranted "under such terms and conditions as to the court may seem just and equitable."

The cause was tried on February 1, 1923, and upon April 21, 1923, the court made findings and conclusions and rendered what was termed an interlocutory decree. The court found that plaintiff ''was required to furnish an abstract of title fifteen days before the last payment was made''; that he did not offer or tender any abstract of title prior to March 5, 1922, but did thereafter, on March 20, 1922, deliver abstracts showing the title defective. As conclusions of law, the court found that the plaintiff had not performed his contract as required by the terms thereof; that his title was defective; and that he was not entitled to recover possession of the land or forfeit the contract.

At the trial the plaintiff introduced in evidence a letter from the defendant W. S. Larue reciting:

"Meridian, Idaho, Feb. 27/22.

"Mr. P. A. Sorensen,

"Dear Sir:

"So far I have failed to get a loan, but am still trying, and have been told that it will be easier a little later.

"Now I have given this matter much thought and concidered all conditions earnestly, and have this to offer. If you will take a mortgage in place of the contract, I will stand all expence of makeing the change.

"Make note payable in five years, on or before, with interest at Eight instead of six per cent, this will enable me to turn money colected from notes I hold as soon as colected. this is the best I can do, and it seems it should appeal to you.

"I have been able by makeing sacrifice, to keep interest, taxes and water paid up, but if the burden was made heavier I could not do it, their is no use to promise something that cannot be done. hopeing that this may be acceptable to you, I await your answer.

"Yours truly,

"W. S. LARUE."

Based upon this letter, the court found that upon February 27, 1922, the defendant W. S. Larue did write a letter ''in which he stated in effect that he would be unable

to make the payment due on the 5th day of March, 1922,"
and based upon this fact a conclusion that the defendants
were not entitled to a judgment on their cross-complaint for
the return of moneys paid by them, but "that the plaintiff
is entitled to a reasonable time in which hereafter to do
those things necessary to free and clear the said title from
the doubt that exists therein by reason of the death of said
Nina M. Sorensen, and thereafter to perfect the said ab-
stract . . . . , and thereafter the defendants shall have rea-
sonable time in which to make the final payments due under
said contract . . . . ; that an interlocutory decree should be
entered herein permitting plaintiff to furnish an abstract
showing good title within a reasonable time, and the Court
retains jurisdiction of this cause for further consideration
and for the purpose of taking further testimony if necessary,
and also for the purpose of making final findings of fact,
final conclusions of law, and entering a final judgment."

An interlocutory decree was accordingly entered. The
plaintiff thereafter prosecuted an action to quiet title in
the Ada county district court, and procured a decree from
the probate court of Ada county purporting to remove the
defect as to the intestacy of Mrs. Sorensen as found by the
court, and upon July 30, 1923, tendered the original ab-
stracts to the defendants, brought down to the date of July
27, 1923, showing in part these proceedings, and upon Sep-
tember 1, 1923, upon notice in a further hearing, offered
these abstracts to show compliance with the interlocutory
decree. The defendants at this hearing raised the same and
other and further objections to the abstracts, and contended
that the proceedings had and that portion thereof shown
in the abstracts did not remove a reasonable doubt as to
the title; that the abstracts disclosed an additional defect
consisting of a declaration of homestead filed on the prop-
erty in September, 1922.

The appellants further objected "denying the right of
the plaintiff to make any tender of abstracts or any further
assurances of title on the grounds that the plaintiff has been
guilty of negligence and laches in making his tender of

abstracts and title, and in attempting to correct the defects of title to which the defendants objected in April, May and June of 1922, and to which they objected at the time of the trial on the 1st of February, 1923, and to which they still object."

Upon these objections, the plaintiff asked further time to secure a quitclaim deed from the homestead declarant, and correct this defect. The appellants objected to a continuance. This objection was overruled, and a further postponement granted "without fixing any definite date to which postponement should be had." In November, 1923, plaintiff on notice renewed his offer of the abstracts showing a deed from the homestead declarant, and tendered a warranty deed to defendants. The defendants objected to the offer and to the introduction of the abstracts, making the same objections that had been made in September, 1923, and that plaintiff was guilty of laches. These objections were overruled, the case taken under advisement, and on March 1, 1924, the court filed its findings of fact and conclusions of law, by which it held and determined that plaintiff tendered to the defendants a deed and abstracts in accordance with the contract; that the decree of April 21, 1923, was "not a final decree or judgment but is only interlocutory"; and that plaintiff "is entitled to a judgment as prayed for in the complaint, at the end of seven months from the date of this interlocutory decree, unless in the meantime, the said defendants shall pay to the plaintiff the sum of Eight Thousand ($8,000) Dollars, as provided for in said contract, together with all taxes, water charges and disbursements paid out by the plaintiff . . . . "

An interlocutory decree following these findings was made on March 1, 1924. In October, 1924, the plaintiff, on notice to the defendants, was permitted to establish that the defendants had not paid the $8,000 in accordance with the interlocutory decree; and on October 22, 1924, the court made final findings of fact and conclusions of law finding "that while plaintiff has declared said agreement null and void and all provisions made thereunder, the court finds that

plaintiff, upon the filing of said suit, was not entitled to declare said agreement void'' until such time as was granted by the court for defendants to make such payments as aforesaid had expired, ''but that plaintiff is at this time entitled to declare all payments heretofore made forfeited, together with all improvements upon said premises''; further finding that defendants had failed to make payment in accordance with the interlocutory decree; and judgment was entered giving plaintiff possession of the premises. This appeal is from the judgment.

The controlling errors assigned may be summarized to the effect that the court erred in finding:

(1) That ''defendants failed to pay said $8,000 payment on or before the 5th day of March, 1922, as provided for in said contract.''

(2) That defendant W. S. Larue wrote plaintiff advising him ''that he could not and would not pay the sum of $8,000 and interest.''

(3) That ''defendants . . . . failed, neglected and refused to pay the plaintiff said sum of $8,000, or any part thereof.''

(4) That the plaintiff was not entitled to ''declare said agreement void and the payments made thereunder forfeited'' upon ''the filing of said suit,'' but was entitled at the time of the decree ''to declare all payments heretofore made forfeited.''

(5) That defendants had refused to deliver possession of the property.

(6) And in not making findings upon material issues in favor of the defendants.

[1] The condition that the respondent should furnish an abstract showing clear title fifteen days before the last payment was to be made was a condition precedent to the right of the respondent to exact the payment. (*Elson v. Jones,* 42 Ida. 349, 245 Pac. 95; *Richards v. Jarvis,* 41 Ida. 237, 238 Pac. 887; *Carter v. Fox,* 11 Cal. App. 67, 103 Pac. 910.)

[2] The court found, and the evidence establishes, that the respondent was not able to perform his contract at the time when thereunder a deed should have been given and

the final payment made, nor at any time prior to the institution of this suit. Appellant was under no duty to tender the $8,000 payment until the respondent had furnished an abstract showing clear title. This court, in *Elson v. Jones, supra,* reaffirmed the rule laid down in *Marshall v. Gilster,* 34 Ida. 420, 201 Pac. 711, that "If the vendor is unable to perform at the time performance is required of him, a tender of performance by the purchaser is not required."

[3] The respondent at all times urged and insisted up to the institution of this suit, and even until the interlocutory decree, that the title was sufficient. The appellant was within his rights in insisting upon title in accordance with the contract. The respondent, by his conduct and by the bringing of the suit, declared the contract rescinded without right so to do. The appellants, if not in default, had a right to adopt this rescission and breach of the contract, and thereupon to rescind, and to recover the payments made thereunder. (*Boyd v. Boley,* 25 Ida. 584, 139 Pac. 139; *Marshall v. Gilster, supra; Richards v. Jarvis, supra; Carter v. Fox, supra; Glock v. Howard & Wilson C. Co.,* 123 Cal. 1, 69 Am. St. 17, 55 Pac. 713, 43 L. R. A. 199; 2 Black on Rescission and Cancellation, sec. 427.)

[4] Respondent stresses the fact that on the trial, appellants' counsel admitted "that if the title is good, and if we were obliged to make the payment after this decision, we are in default," and, at the time of final hearing, "that my clients are unable to make these payments." But the first of these was made January 31, 1923, and the other October 4, 1924. If the defendant had the right to refuse to make the payment March 5, 1922, and up to the bringing of the action, his refusal or inability thereafter was not material. The furnishing of title being a condition precedent, the appellant, not being in default, under the facts was not called upon to tender the money, a useless thing, in order to take advantage' either of the default of respondent or of his unqualified declaration of forfeiture and rescission,

and his refusal to furnish such title as specified. (39 Cyc. 1422.)

[5] While both parties to an executory contract may be held to have waived strict performance upon the date made of the essence, and neither thereafter be entitled to rely upon the inability or failure of the other to so strictly comply, or be entitled to forfeit or rescind the contract without tender or demand thereafter, and a reasonable allowance of time for such performance, all of which must be established by the party claiming such right, yet the claimant is not under necessity of showing such further tender or demand if he shows the express refusal of the vendor to comply, even in the absence of such demand or allowance of reasonable time. (*Kister v. Pollak*, 125 App. Div. 226, 109 N. Y. Supp. 204.) The proof supplied these essentials herein by the demand of appellants for abstracts showing title, and the refusal of respondent to furnish the same, evidenced both by his conduct before and his act in bringing the action to declare a forfeiture.

The court was in error in finding that the appellant W. S. Larue, by the letter of February 27th, had notified respondent that he could not and would not pay the sum of $8,000 and interest on March 5th, and that the defendants had failed, neglected and refused to pay this sum or any part thereof, as provided for in said contract, for two reasons: First, [6] a declaration of an intention not to comply with the contract made before the time when the vendor was entitled to compliance must be positive and unequivocal in order that the vendor may rely thereon. (1 Black on Rescission and Cancellation, sec. 202, p. 527; 6 R. C. L., p. 930; *Armstrong v. Ross*, 61 W. Va. 123, 55 S. E. 895; *Swiger v. Hayman*, 56 W. Va. 123, 107 Am. St. 899, 3 Ann. Cas. 1030, 48 S. E. 839; *United States v. Smoot*, 15 Wall. (U. S.) 36, 21 L. ed. 107; *Dingley v. Oler*, 117 U. S. 490, 6 Sup. Ct. 850, 29 L. ed. 984.) Secondly, [7] the respondent was not, upon March 5, 1922, in a position to furnish good title, nor was there any showing that the respondent relied upon the letter of February 27th, or was thereby

induced to forego, or prevented from, perfecting his title. The respondent did not rely upon this letter as terminating the contract, or as a declaration of inability to make, or determination not to make, the payment when due, or accept it as a termination of the contract. (*Bell v. Stadler*, 31 Ida. 568, 174 Pac. 129.) On the contrary, respondent, on May 11, 1922, demanded payment of the money, which he claimed due, and fixed June 1, 1922, as the final date for compliance with his demands. Being himself in default as to title on the date provided in the contract for the payment, and having thereafter demanded the payment, and having in his action declared upon this notice and demand, he cannot be heard to claim that the appellant had unqualifiedly refused to make the payment and placed himself in default before the payment was due. (1 Black on Rescission and Cancellation, sec. 203, p. 529.)

The demand of the respondent for payment, and his bringing this action with the declaration of rescission and cancelation and forfeiture of the contract, consummated, so far as he was concerned, a rescission, upon which the appellants, in the absence of a right of the respondent to rescind, had a right to accept this rescission, and not themselves being in default, to rescind the contract and sue for and recover the payments already made, less such deductions as under the law should be allowed to the respondent.

[8] Respondent contends that the cross-complaint was insufficient in that defendants did not return or plead the return of the property. The appellants, by their pleadings, declared a rescission, and offered to return the property under such conditions as the court might impose. The respondent was a nonresident of Idaho, with no property in the state other than his interest in this property. The court was amply able to protect the interests of the parties, and impose such terms for the return of the property as would be just and proper, and the complaint asking for rescission with such tender of return was sufficient under the circumstances, and upon such offer to return the property, appellants were not precluded from rescission for a failure

to actually return the property. (*Wilson v. Sunnyside Orchard Co.,* 33 Ida. 501, 196 Pac. 302; *Newmyer v. Roush,* 21 Ida. 106, Ann. Cas. 1913D, 433, 120 Pac. 464; *Dunn v. Mills,* 70 Kan. 656, 3 Ann. Cas. 363, 79 Pac. 146, 502; *Taft v. Kessel,* 16 Wis. 291.)

[9–11] The good title, which a vendor must furnish under an executory contract for the sale of land calling therefor, must ordinarily be good title as of the date when the same is required by the contract to be furnished. (2 Black on Rescission and Cancellation, sec. 431; *Bell v. Stadler, supra.*) At least, in this case the time for plaintiff to furnish good title ceased when he wrongfully demanded that defendant accept that which was not good, and brought an action to enforce a forfeiture for his failure so to do. By his own act in declaring a forfeiture and bringing an action to enforce it, he set a time beyond which he could not be permitted to perfect title when the defendants chose to rescind for his refusal and default. The cross-complaint asking rescission was "deemed denied," but there was no offer made by any pleading of the respondent to clear the title, nor any pleading tendered by him requesting time or opportunity to do so. The court in effect imposed upon the defendants performance of a contract far different in matter of time from that entered into. Courts cannot make contracts for the parties. (*Smith v. Krall,* 9 Ida. 535, 75 Pac. 263; *Machold v. Farnan,* 14 Ida. 258, 94 Pac. 170.) Either plaintiff was entitled to declare the contract forfeited, or his unsuccessful effort so to do with his plain failure to comply with its terms entitled the defendants to rescind.

[12] Respondent cannot be permitted to turn an unsuccessful action of ejectment into a successful one for specific performance, when the assertion of his unsuccessful claim has furnished ground for the defendants to rescind and resist specific performance of the contract.

The court was in error in not entering judgment against the plaintiff as to the issues tendered by the complaint, and upon the facts disclosed was in error in finding the defend-

ants in default, but should have found the defendants entitled to rescind and recover the amount of their payments previously made, less such deductions as properly allowable to respondent in such action of rescission.

The judgment is reversed and the cause remanded for a new trial in accordance herewith. Costs to appellants.

Wm. E. Lee, C. J., and Budge, J., concur.

Petition for rehearing denied.