(No. 4584.   July 21, 1927.)

ALBERT HINSCH, Appellant, v. A. N. MOTHORN and ALTA MOTHORN, Husband and Wife, Respondents.

[258 Pac. 540.]

CONTRACTS — INTENTION OF PARTIES—VENDOR AND PURCHASER—NOTE AND MORTGAGE AS DOWN PAYMENT REPRESENTS INDEBTEDNESS—LEGAL EFFECT OF AGREEMENT MUST BE ENFORCED — BILLS AND NOTES—MORTGAGES—EXTENSION OF TIME TO PAY INDEBTEDNESS, EFFECT—WHEN VENDOR MAY RETAIN PAYMENTS.

1. In construing contract, intention of parties, as by them expressed, must be ascertained and given effect.

2. Note and mortgage, given as down payment on contract for purchase of land pursuant to agreement for payment of certain amount, *held* to constitute an independent transaction and to represent an indebtedness independent of contract for purchase of land.

3. Where contract was clear and unambiguous in its terms, it is best evidence of intention of parties to it, and legal effect of

agreement must be enforced according to plain import of language implied.

4. Under C. S., sec. 5892, extension of time with which to pay indebtedness on land contract constituted sufficient consideration for note and mortgage evidencing down payment, together with vendor's inability during life of agreement to make sale of land to anyone else.

5. Where time was of essence in contract for sale of land, vendor, in absence of equitable showing excusing failure to pay installment, has right to retain payments made.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to foreclose mortgage. Judgment for defendants. *Reversed* and *remanded,* with directions.

T. A. Walters, for Appellant.

The note and mortgage were given by the defendants and accepted by the plaintiff in lieu of so much cash, extinguished the antecedent debt, were supported by a good consideration, stood on no different basis than if they had been given in an entirely different transaction, and upon the forfeiture of the contract by the plaintiff, because of defendants' default, plaintiff had the same right to retain the note and mortgage to his use that he would have had to retain the payment of money. (*Mulcahy v. Gagliardo,* 39 Cal. App. 458, 179 Pac. 445; *Edwards v. Muri,* 73 Mont. 339, 237 Pac.

Publisher's Note.

1. See 6 R. C. L. 835.

3. See 6 R. C. L. 841.

5. Right of vendor to retain payment, see note in L. R. A. 1918B, 544. See, also, 27 R. C. L. 625.

See Bills and Notes, 8 C. J., sec. 371, p. 236, n. 22.

Contracts, 13 C. J., sec. 482, p. 521, n. 18; sec. 485, p. 524, n. 30, p. 525, n. 33, 34.

Mortgages, 41 C. J., sec. 203, p. 387, n. 64.

Vendor and Purchaser, 39 Cyc., p. 1901, n. 7 New, p. 2025, n. 58.

209; *Thompson v. Killheffer,* 98 N. J. L. 359, 119 Atl. 770; *Raubitschek v. Blank,* 80 N. Y. 478.)

Where vendee pays money in part performance of an executory sale contract, where time is of the essence, and fails to perform it, he cannot recover the money so paid, and the right of the vendor to retain payments made is independent of any express clause in the contract for forfeiture or retention of purchase money paid. (*Hall v. Yaryan,* 25 Ida. 470, 138 Pac. 339; *Glock v. Howard & Wilson Colony Co.,* 123 Cal. 1, 69 Am. St. 17, 55 Pac. 713, 43 L. R. A. 199; *Hansbrough v. Peck,* 5 Wall. (U. S.) 497, 18 L. ed. 520.)

Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value and is deemed such, whether the instrument is payable on demand or at a future time. (C. S., sec. 5892; *Edwards v. Muri,* 73 Mont. 339, 237 Pac. 209, and cases cited therein; 8 C. J., p. 212, sec. 347.)

The purpose of all interpretation is to ascertain and to give effect to the intention of the parties expressed by their writings. The basic rule for the discovery of those intentions is that the court, so far as possible, should put itself in the place of the parties to the contract, when their minds met upon the terms of the agreement, and then, from a consideration of the writing itself, of its purpose, and of the circumstances which conditioned its making, endeavor to ascertain what they intended to agree to, upon what sense and meaning of the terms they used their minds actually met. (*American Bonding Co. v. Pueblo Inv. Co.,* 150 Fed. 17, 80 C. C. A. 97, 9 L. R. A., N. S., 557; *Salt Lake City v. Smith,* 104 Fed. 457, 43 C. C. A. 637; 13 C. J., p. 521, sec. 482.)

M. H. Eustace, for Respondents.

A vendor in an executory contract for the sale of land, who retakes possession of the property because of a breach of the contract for a failure to make the payments therein

provided for, cannot thereafter recover on a note given for a deferred payment, in the absence of evidence that he repossessed the property in pursuance of an agreement that the note would be paid. (*Lloyd v. Anderson*, 39 Ida. 314, 227 Pac. 32; *Ward v. Warren*, 44 Or. 102, 74 Pac. 482; *Waite v. Stanley*, 88 Vt. 407, 92 Atl. 633, L. R. A. 1916C, 886; *Security State Bank v. Krach*, 36 N. D. 115, 161 N. W. 568; *Steiner v. Baker*, 111 Ala. 374, 19 So. 976; *Mays v. Sanders* (Tex. Civ. App.), 36 S. W. 108.)

BUDGE, J.—Plaintiff and defendants entered into an agreement in writing for the purchase by defendants from plaintiff of a certain tract of land. The agreement contains a reference to a previous contract between defendants and plaintiff's assignors for the sale of the same land, and after stating that an indebtedness of $4,500 remained thereon and that it was the "desire of the parties to reduce the said indebtedness to $4,000," the agreement recites:

"Now, therefore, it is understood and agreed, That the parties of the second part (defendants) shall pay Five Hundred ($500.00) Dollars to said Albert Hinsch (plaintiff) by giving him a mortgage on" certain lots "for Four Hundred ($400.00) Dollars, due three . . . . years after date, . . . . and One Hundred ($100.00) Dollars cash. . . . . "

Other portions of the agreement provided for the payment of the remaining $4,000 in future instalments.

Defendants paid plaintiff $100 and executed and delivered their note and mortgage for $400 on other land, in compliance with the terms of the agreement as above quoted, and went into possession of the property agreed to be purchased. After default in the payment of certain of the instalments due on the $4,000, plaintiff terminated the contract and had the defendants ejected from the premises. Thereafter this action was commenced to foreclose the mortgage given by defendants to secure the payment of the $400. The cause was submitted on a stipulation of facts, and the trial court found in favor of defendants. Plaintiff appeals from the judgment.

[1, 2] A fundamental rule for the construction of contracts is to ascertain and give effect to the intention of the parties, as by them expressed. From a consideration of the language used in the agreement herein, and in accordance with its plain import, we think it clearly appears that the intention of the parties was to evidence a down payment of $500 on the contract by defendants' execution of the mortgage for $400 and their giving plaintiff the $100 cash. The agreement recites that the $500 should be paid in that manner, and the stipulation of facts upon which the case was tried and is here submitted states that "at the time of the execution of said contract defendants *paid* plaintiff thereon the sum of $500" by giving him $100 in cash and a mortgage for $400. By this language and the expressed desire of the parties "to reduce the said indebtedness (of $4,500) to $4,000," the note and mortgage stood alone, as if given and arising out of an entirely different transaction and representing an indebtedness independent of the contract for the purchase of the land. (*Edwards v. Muri,* 73 Mont. 339, 237 Pac. 209.) [3] The contract being clear and unambiguous in its terms, it is the best evidence of the intention of the parties to it, and the legal effect of the agreement must be enforced according to the plain import of the language employed.

[4] The extension of time within which to pay the indebtedness represented by the note and mortgage was a sufficient consideration, as was also the prevention of appellant, during the life of the agreement, from making a sale of the land to anyone else. (C. S., sec. 5892; *Portland Cattle Loan Co. v. Hansen Livestock & F. Co.,* 43 Ida. 343, 251 Pac. 1051; *Mulcahy v. Gagliardo,* 39 Cal. App. 458, 179 Pac. 445.)

[5] Time was of the essence of the contract, and there is no equitable showing by defendants to excuse their failure to carry out its provisions with reference to payment of instalments, in which circumstances plaintiff would have the right to retain the payments made. (*Hall v. Yaryan,* 25 Ida. 470, 477, 138 Pac. 339.)

Points Decided.

The judgment is reversed and the cause remanded, with directions to the trial court to enter judgment and decree of foreclosure. Costs awarded to appellant.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.