697 P.2d 442

**CHRISTENSEN MOTOR SALES, INC.,
an Idaho corporation,
Plaintiff-Appellant,**

v.

**AMERICAN MOTOR SALES, INC., a
Delaware corporation,
Defendant-Respondent.**

No. 15335.

Supreme Court of Idaho.

March 5, 1985.

Terrence Roy White, Nampa, for plaintiff-appellant.

Bruce H. Tompkins, Boise, for defendant-respondent.

SHEPARD, Justice.

This is an appeal from a summary judgment in favor of defendant in an action by Christensen Motor Sales, Inc., resulting from the cancellation of Christensen's motor vehicle dealership franchise issued to Christensen by defendant-respondent American Motor Sales Corporation. We affirm.

American Motor Sales, an automotive manufacturer, and Christensen Motors entered into a ten-year franchise agreement on May 20, 1978, which agreement generally provided that American Motor Sales would supply Christensen with motor vehicles, parts and accessories. The agreement stated:

"This agreement has been entered into by American with Dealer in reliance upon the personal qualifications of, and representations with respect thereto, of the persons named below, and also in reliance (i) upon the representation and agreement that the following person(s) will substantially participate in the ownership of Dealer:

| Name | Percentage of Interest |
|------|------|
| Dell P. Christensen | 30% |
| Kent D. Christensen | 35% |
| Milton P. Christensen | 35% |

and (ii) upon the representation and agreement that the following person(s) will actively and substantially participate in the management of Dealer and will have full managerial authority and responsibility for the operations of Dealer:

| Name | Title |
|------|------|
| Dell P. Christensen | President |
| Kent D. Christensen | Vice President |
| Milton P. Christensen | Sec./Treas." |

That same agreement provided for a termination of the franchise agreement upon the occurrence of certain events, specifically:

"(d) Upon the death or incapacity of any person named in Paragraph 3 of this Agreement, American may terminate this Agreement by giving written notice of such intention to Dealer. Unless extended as hereinafter provided, the effective date of such termination shall be the date specified in such written notice, which date shall be not less than sixty (60) days after the mailing thereof. Upon receipt of a written request from Dealer to extend the effective date of such termination, for the purpose of facilitating an orderly termination of business relationships or a liquidation of Dealer's business, American shall, within thirty (30) days after the receipt of such request, extend the effective date of such termination for a period, to be de-

termined by American in writing, of not less than ninety (90) days and not more than one (1) year after the mailing of such written notice of termination. This Agreement will then terminate at the expiration of such extended period without further written notice."

On August 15, 1978, Dell Christensen died, and on September 19, 1978, American wrote Christensen a letter purporting to terminate the franchise agreement. Christensen requested, and was granted, an extension of the contract within the terms of the above-quoted termination section of the contract. Christensen thereafter filed this action against American, alleging cancellation of the contract in violation of I.C. § 49–2414(7)(f). I.C. § 49–2414 provides, in pertinent part:

> "It shall be unlawful and a violation of this act, for *the holder of any license* issued under the terms and provisions hereof:
>
> \*   \*   \*   \*   \*   \*
>
> (7) It shall be unlawful and a violation of this act, *for a manufacturer* of motor vehicles, distributor, distributor branch or factory branch or other representative thereof to either induce or attempt to induce by means of coercion, intimidation, or discrimination any motor vehicle dealer:
>
> \*   \*   \*   \*   \*   \*
>
> (f) To unfairly without due regard to the equities of said dealer and without just provocation, cancel a franchise of any motor vehicle dealer. The nonrenewal of a franchise or selling agreement without just provocation or cause shall be deemed an evasion of this paragraph and shall constitute an unfair cancelation. In determining whether good cause has been established for modifying, replacing, terminating or refusing to continue a franchise, it shall be taken into consideration the existing circumstances ..." (Emphasis added.)

The trial court did not state any reasoning upon which it granted summary judgment for the defendant, but found only that there were no issues of material fact and that defendant should prevail on the law.

American Motor has argued that Christensen has no standing to bring this action, in that the relied-upon statute does not confer a cause of action upon a dealer for damages incurred upon wrongful termination of the franchise, and in that the enforcement of the statute is committed to the Department of Transportation, I.C. § 49–2403. Christensen, on the other hand, argues that statutes which on their face provide penal sanctions for their violation, also imply a private right of action in those persons for whose benefit the statute was obviously enacted. *See, e.g., Diehl and Sons, Inc. v. International Harvester Co.*, 445 F.Supp. 282, 288–289 (D.C.N.Y. 1978); *Willys Motors, Inc. v. Northwest Kaiser-Willys, Inc.*, 142 F.Supp. 469 (D.C. Minn.1956); *Kuhl Motor Co. v. Ford Motor Co.*, 270 Wis. 488, 71 N.W.2d 420 (1955).

Since we hold in any event that Christensen has failed to plead or present any evidence in opposition to the motion for summary judgment which tends to prove or, by fair inference, indicate the presence of elements necessary for a finding of the violation of the statute, we decline to address American's argument of lack of standing.

We note that the introductory language of I.C. § 49–2414 is an obvious attempt to prohibit certain acts of a *licensee* and that subsection (7) of that portion of the statute attempts to prohibit certain conduct of a *manufacturer*. A literal reading of the statute renders it absurd. Nevertheless, the intention of the legislature is clear from the content, which, to this Court, clearly reflects an attempt to declare certain listed acts by a manufacturer as being unlawful, if they are induced or attempted to be induced "by means of coercion, intimidation, or discrimination." Part (f) of subsection (7) is simply one of those designated violations, *i.e.*, a cancellation of the franchise through means of "coercion, intimidation, or discrimination."

Hence, we will construe the statute to achieve the most logical result and to preserve the common meaning of the language used therein. *Nicolaus v. Bodine*, 92 Idaho 639, 448 P.2d 645 (1968). *See also, Farm Development Corporation v. Hernandez*, 93 Idaho 918, 478 P.2d 298 (1970); *Scharbach v. Continental Cas. Co.*, 83 Idaho 589, 366 P.2d 826 (1961); *Hinsch v. Mothorn*, 44 Idaho 539, 258 P. 540 (1927).

The record presented on appeal contains no indication that the actions of American Motor in cancelling the franchise were the result of coercion, intimidation, or discrimination exercised against Christensen. Rather, it is asserted by American that the franchise was cancelled for good cause according to the terms of the contract, *i.e.*, that the agreement was entered into by American in reliance upon the personal qualifications of, and representations of the continuation, of Dell P. Christensen in the business, and that absent his continuation in the business because of death, the agreement specifically authorizes termination of the franchise at the option of American.

We find the contract unambiguous and Christensen concedes that the contract specifically allows American to cancel under the existing circumstances. We will not rescue a contracting party from the consequences of what later appears to be a bad bargain, nor will we design for the parties terms which we deem more beneficial than those that the parties have agreed upon between themselves. *J.R. Simplot Co. v. Chambers*, 82 Idaho 104, 350 P.2d 211 (1960); *Sorensen v. Larue*, 43 Idaho 292, 252 P. 494 (1926).[1]

The judgment of the district court is affirmed. Costs to respondent. No attorney's fees on appeal.

DONALDSON, C.J., concurs.

BAKES, J., concurs in the result.

---

**BAKES, Justice, concurring specially.**

I agree that the district court was correct in dismissing this case. I.C. § 49–2403 provides that the Idaho Transportation Department and an advisory board created pursuant to I.C. § 49–2404 "are hereby charged with the administration of this act." I.C. § 49–2403. In light of this legislative mandate, the Idaho Department of Transportation has primary jurisdiction in this matter and Christensen Motor Sales, Inc., must exhaust its administrative remedies before seeking judicial relief. *See Grever v. Idaho Telephone Co.*, 94 Idaho 900, 902, 499 P.2d 1256, 1258 (1972). The administrative agency may then determine any appropriate remedy under I.C. § 49–2419, the statute setting forth the penalties for violation of any provision of this act. Further judicial review may then be accorded pursuant to I.C. § 67–5215, allowing any aggrieved party to appeal from the administrative decision to the district court.

**HUNTLEY, Justice, dissenting.**

I believe that the majority opinion errs in two important respects. The record indicates that Christensen pled a violation of I.C. § 49–2414(7)(f) and presented evidence in support of that contention. This being the case, the majority should have proceeded to address whether the statute provides Christensen with a cause of action.

It is axiomatic that existing law is written into and made a part of every written contract. Christensen Motors Sales, Inc., contends that although the contract, standing alone, would permit American Motors Sales Corporation to terminate the franchise, the contract does not stand alone. Rather, it must be read in concert with I.C. § 49–2414(7)(f) and when so read, does not permit American Motor Sales to terminate the franchise.

I.C. § 49–2414(7)(f) provides, in part:

... In determining whether good cause has been established for modifying, re-

---

1. We note that, even were I.C. § 49–2414(7)(f) held to apply to this cause of action, we would probably hold that initial jurisdiction lies in the Department of Transportation under the poli-

cies and dictates of the doctrine of primary jurisdiction. *See Grever v. Idaho Telephone Co.*, 94 Idaho 900, 499 P.2d 1256 (1972).

placing, terminating or refusing to continue a franchise, it shall be taken into consideration the existing circumstances, including, but not limited to:

1. Amount of business transacted by the franchise, as compared to the business available to the franchisee.

2. Investment necessarily made and obligations incurred by the franchisee to perform its part of the franchise.

3. Permanency of the investment.

4. Whether it is injurious or beneficial to the public welfare for the franchise to be modified or replaced or the business of the franchisee disrupted.

5. Whether the franchisee has adequate motor vehicle sales and services facilities, equipment, vehicle parts, and qualified service personnel to reasonably provide for the needs of the consumers for the motor vehicles handled by the franchisee and has been and is rendering adequate services to the public.

6. Whether the franchisee fails to fulfill the warranty obligations of the franchiser to be performed by the franchisee.

7. Extent of franchisee's failure to comply with the terms of the franchise.

The majority states "that Christensen has failed to plead or present any evidence in opposition to the motion for summary judgment which tends to prove or, by fair inference, indicate the presence of elements necessary for a finding of the violation of the statute." I disagree. Christensen clearly pled a violation of the statute, and in support of its own motion for summary judgment attached a copy of the dealer franchise agreement and a copy of the letter from American Motor Sales terminating the agreement. The sole reason for terminating the agreement as set forth in the letter of termination is the fact of Dell Christensen's death. At no point are any of the factors set out in I.C. § 49–2414(7)(f) addressed. A "fair inference" would be that they had not been considered and, hence, that American Motor Sales Corporation lacked just provocation or cause for terminating the agreement.

Since the majority here erroneously concluded that Christensen failed to present evidence indicating a statutory violation, it does not address the issue of whether I.C. § 49–2414(7)(f) confers a cause of action upon a dealer for damages incurred upon the wrongful termination of a franchise. I think it clear that where, as here, the violation of a statute permits the state to seek penal sanctions, a private individual or entity harmed by the alleged violation should not be precluded from seeking judicial redress of his or her injuries simply because the statute does not specifically provide for a civil cause of action. *Diehl and Sons, Inc., v. International Harvester Co.,* 445 F.Supp. 282 (1978) and *Willys Motors, Inc., v. Northwest Kaiser-Willys, Inc.,* 142 F.Supp. 469 (1956). For years this jurisdiction has never questioned the general rule that violation of a motor vehicle code provision not only was an actionable criminal offense, but also amounted to prima facie negligence in a civil action.

In the instant case, Christensen Motor Sales, Inc., was a franchisee and clearly an entity for whose protection I.C. § 49–2414(7)(f) was enacted. It defies reason to conclude that one who violates such a statute cannot be required to answer at law to the party harmed by the violator's wrongful conduct. For the above stated reasons I dissent from the majority opinion, and would reverse and remand for trial.

BISTLINE, J., concurs, adding that the majority decision in this case provides additional fuel for the fire that eventually will require the repeal of the Court's rules which seem to encourage the many, many summary judgments which are a major stream of appeals from the district courts.